[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 126.]

COLUMBUS BAR ASSOCIATION *v.* PURNELL.

[Cite as *Columbus Bar Assn. v. Purnell* (2002), 2002-OHIO-4211.]

*Unauthorized practice of law—Paralegal without supervision of an attorney who advises and represents a claimant in a personal injury matter is engaged in the unauthorized practice of law—Further activities that might constitute the unauthorized practice of law enjoined.*

(No. 01-1103—Submitted September 19, 2001—Decided January 9, 2002.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law, No. UPL 00-08.

_____

*Per Curiam.*

{¶ 1} Loc.R. 75.8(A)(2) of the Probate Division of the Common Pleas Court of Franklin County requires that an independent paralegal "shall be registered for each case in which the independent paralegal is performing services," identifying, *inter alia*, a supervising attorney. That attorney must sign the registration, certifying that the independent paralegal is qualified to perform the services and that the supervising attorney will supervise and be responsible for all services of the paralegal.

{¶ 2} On September 22, 1999, respondent, Dellwin Purnell, filed an independent paralegal registration in the probate court in connection with the personal injury claim of a minor, Kyle Petersen. The form was not signed by a supervising attorney. On September 24, 1999, respondent filed an "Application to Settle a Minor's Claim" in the probate court, striking the words "attorney" and "attorney's" from the form language "reasonable attorney fee for the attorney's services" and substituting therefor the phrase "reasonable paralegal fee for the services." The application indicated that the fee would be $3,500 and that a fee

agreement between respondent and the minor's parent was attached to the application. In a letter to Liberty Mutual Insurance Company, dated October 16, 1998, respondent had indicated that he was engaged to "represent Kyle Petersen in a claim for personal injuries." On January 24, 2000, the probate judge found respondent in contempt for representing himself as a paralegal without a supervising attorney.

{¶ 3} On September 13, 2000, relator, Columbus Bar Association, filed a complaint charging respondent with the unauthorized practice of law. Respondent failed to answer, and on December 4, 2000, relator filed a motion for default. The matter was referred to the Board of Commissioners on the Unauthorized Practice of Law ("board"), which granted the motion. The board found the facts as stated and concluded that respondent's conduct constituted rendering legal services for another by a person not admitted to the practice of law in Ohio. The board recommended that respondent be prohibited from engaging in the unauthorized practice of law in the future.

{¶ 4} On review of the record, we adopt the findings, conclusion, and recommendation of the board. A paralegal who, without the supervision of an attorney, advises and represents a claimant in a personal injury matter is engaged in the unauthorized practice of law. *Cincinnati Bar Assn. v. Cromwell* (1998), 82 Ohio St.3d 255, 695 N.E.2d 243.

{¶ 5} Respondent is hereby enjoined from any further activities that might constitute the unauthorized practice of law. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————

*D. Allan Asbury, Mary Jo Cusack* and *Bruce A. Campbell*, for relator.

————————