[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 497.]

COLUMBUS BAR ASSOCIATION *v.* SMITH.

[Cite as *Columbus Bar Assn. v. Smith,* 2002-Ohio-6728.]

*Attorneys at law—Misconduct—Indefinite suspension—Failure to complete, or in some cases even begin, the representation for which attorney was retained—Financial improprieties in representation of clients— Misrepresentation on letterhead that attorney practiced law in partnership with another attorney and that the partnership was a licensed professional association—Improprieties in IOLTA—Failing to cooperate in disciplinary investigation.*

(No. 2002-1464—Submitted October 15, 2002—Decided December 18, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-72.

_____

**Per Curiam**.

{¶ 1} In October 2000, three separate grievances were filed against respondent, Charles E. Smith, Columbus, Ohio, Attorney Registration No. 0023633, by individuals who had retained his services. Consequently, respondent was subpoenaed by relator, Columbus Bar Association, and in a March 7, 2001 deposition, he addressed some of the grievances, attributing any misconduct to inadvertence associated with a heavy trial schedule. Relator's subsequent request for additional information went unheeded, as did an August 13, 2001 complaint against respondent.

{¶ 2} Soon thereafter, three more grievances were filed against respondent by others who had retained him. An amended complaint incorporating nine counts against respondent was filed and respondent again failed to file an answer.

{¶ 3} Six counts arising directly from the aforementioned grievances were precipitated by respondent's failure to complete—or in some cases even begin—the representation for which he was retained. Four violations were common to each of these six counts: DR 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), DR 6-101(A)(3) (neglect of an entrusted legal matter), DR 7-101(A)(2) (failure to carry out a contract of employment), and DR 9-102(B)(4) (failure to promptly return client's funds or property). In all but one of these six counts, respondent was charged with violating DR 2-106(A) (charging a clearly excessive fee). Four counts alleged that respondent violated DR 6-101(A)(1) (handling a matter attorney is not competent to handle) and DR 7-101(A)(1) (failure to seek lawful objectives of client). Violations of DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and DR 7-101(A)(3) (intentionally damaging or prejudicing a client) were alleged in three and two counts respectively. One count charged a violation of DR 1-102(A)(5) (conduct prejudicial to the administrative of justice).

{¶ 4} In addition, financial improprieties plagued respondent's representation of these clients, with four charged violations of DR 9-102(B)(3) (failure to maintain records of client's funds and other property in attorney's possession and to render appropriate accounts to the client) and two charged violations of DR 9-102(A)(2) (failure to preserve identity of client's funds).

{¶ 5} Apart from the six counts related to representation of specific clients, three further counts were levied against respondent. The first arose from respondent's misrepresentation on his letterhead that he practiced law in partnership with another attorney and that the partnership was a licensed professional association. These misrepresentations generated charges of violating DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and DR 2-102(C) (falsely holding self out as having a partnership with one or more lawyers).

2

{¶ 6} Another count alleged improprieties in the keeping of his IOLTA trust account. Respondent was accused of noncompliance with both DR 9-102(A) and (B).

{¶ 7} The final count arose out of respondent's failure to cooperate with relator's investigation and these disciplinary proceedings. This noncooperation generated charges of violating DR 1-102(A)(6) and Gov.Bar R. V(4)(G) (duty to cooperate with an investigation).

{¶ 8} Respondent's failure to answer these charges resulted in relator's motion for default judgment on March 15, 2002, and the matter was referred to a master commissioner for the Board of Commissioners on Grievances and Discipline. On April 10, 2002, relator moved for interim remedial suspension of respondent. The motion was granted by this court on May 23, 2002, and an interim remedial suspension was imposed. Gov.Bar R. V(5a).

{¶ 9} The master commissioner concurred in relator's recommended sanction of indefinite suspension. His findings of fact and conclusions of law were adopted by the board, which recommended an indefinite suspension from the practice of law in Ohio, with the suspension being retroactive to May 23, 2002.

{¶ 10} Upon review of the record, we adopt the findings and conclusions of the board. We adopt the recommendation that respondent be indefinitely suspended from the practice of law in Ohio, but decline to apply the suspension retroactively. We instead order the suspension to begin with the announcement of this opinion. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Heather G. Sowald, David S. Jump, Bruce A. Campbell and Jill M. Snitcher McQuain, for relator.

---