CLEVELAND BAR ASSOCIATION *v.* COATS, D.B.A.
PARAMOUNT PARALEGAL SERVICES.

[Cite as *Cleveland Bar Assn. v. Coats,*
98 Ohio St.3d 413, 2003-Ohio-1496.]

(No. 2002–2118—Submitted February 12, 2003—Decided April 9, 2003.)

**Per Curiam.**

{¶ 1} On two occasions since 1995, respondent, Andra Coats, d.b.a. Paramount Paralegal Services, assisted others in their claims before the Ohio Bureau of Employment Services and appeared as their representative. He has also drafted divorce complaints and judgment entries for filing on behalf of pro se litigants. Respondent has a college degree with a major in paralegal studies; however, he has never been licensed to practice law in Ohio, and he did not provide this representation under a licensed attorney's supervision.

{¶ 2} On July 9, 2001, relator, Cleveland Bar Association, filed a complaint charging respondent with having engaged in the unauthorized practice of law and sought to permanently enjoin this conduct. Respondent was served with the complaint but did not answer. He was also served notice of a December 19, 2001 hearing to be held before the Board of Commissioners on the Unauthorized Practice of Law, but he did not appear.

{¶ 3} The board found, mainly on the basis of his testimony during an investigative deposition, that respondent's filings, appearances, and preparation of documents, all of which were completed without a licensed attorney's supervision, constituted the unauthorized practice of law. As the board explained, "The unauthorized practice of law consists of rendering legal services for another by any person not admitted to practice in Ohio," citing Gov.Bar R. VII(2)(A). Moreover, the practice of law includes conducting cases in court, preparing and filing legal pleadings and other papers, appearing in court cases, and managing actions and proceedings on behalf of clients before judges, whether before courts

or administrative agencies. *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 278, 703 N.E.2d 771; *Cincinnati Bar Assn. v. Estep* (1995), 74 Ohio St.3d 172, 173, 657 N.E.2d 499. Accord *Cleveland Bar Assn. v. Picklo,* 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187, at ¶ 5.

{¶ 4} The board recommended that we find that respondent engaged in the unauthorized practice of law, that we enjoin such conduct, and that we order the reimbursement of costs and expenses incurred by the board and relator. We adopt, in the main, the board's findings[1] and its recommendation. Accordingly, respondent is hereby enjoined from all further conduct on another's behalf, whether it involves preparing a legal document, filing, or appearing before a tribunal, that constitutes the unauthorized practice of law. All expenses and costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

---

Jones, Day, Reavis & Pogue and David Kutik; and Robert H. Gillespy II, for relator.

---

1. The board also made a factual finding that respondent had represented clients in proceedings before the Social Security Administration. We do not adopt this finding because relator abandoned this aspect of its case during the board hearing.