COLUMBUS BAR ASSOCIATION *v.* SMITH.

[Cite as *Columbus Bar Assn. v. Smith,*
100 Ohio St.3d 278, 2003-Ohio-5751.]

(No. 2002–0583—Submitted September 24, 2003—Decided November 12, 2003.)

**Per Curiam.**

{¶ 1} Respondent, Charles E. Smith, last known address in Dublin, Ohio, Attorney Registration No. 0023633, was admitted to the Ohio bar in 1981. On May 23, 2002, we suspended respondent's license to practice law for an interim remedial period pursuant to Gov.Bar R. V(5a) based on credible evidence that his continued practice posed a substantial threat of serious harm to the public. See *Columbus Bar Assn. v. Smith,* 95 Ohio St.3d 1468, 2002–Ohio 2424, 768 N.E.2d 660. On December 18, 2002, we indefinitely suspended respondent from the practice of law for professional misconduct pursuant to Gov.Bar R. V. See *Columbus Bar Assn. v. Smith,* 97 Ohio St.3d 497, 2002–Ohio–6728, 780 N.E.2d 584.

{¶ 2} On November 22, 2002, relator, Columbus Bar Association, moved for an order requiring respondent to appear and to show cause why he should not be held in contempt for violating our interim remedial suspension order. On December 27, 2002, we granted relator's motion and ordered respondent to file within 20 days a written response as to why he should not be held in contempt. Respondent did not file a response. We thus ordered respondent sua sponte to appear before us on September 24, 2003. Respondent appeared as ordered.

{¶ 3} Relator established that on July 2, 2002, respondent appeared and argued on behalf of a licensed professional taxicab driver before the city of Columbus Vehicle for Hire Board. The Vehicle for Hire Board is an administrative agency responsible for licensure of taxicabs in accordance with city ordinances, and its authority includes the authority to issue subpoenas and conduct hearings. See Columbus City Code 585.02 and 585.06(b). Relator also asserted, based on a

judge's affidavit and court transcript, that respondent appeared on August 15, 2002, in Franklin County Common Pleas Court on behalf of a client.

{¶ 4} The representation of another before an administrative agency generally constitutes the practice of law, *Cleveland Bar Assn. v. Coats*, 98 Ohio St.3d 413, 2003-Ohio-1496, 786 N.E.2d 449, ¶ 3, and respondent appeared before the Vehicle for Hire Board after our May 23, 2003 suspension order. We therefore find respondent in contempt for this conduct.

{¶ 5} We do not, however, find respondent in contempt for his court appearance. During oral argument, respondent assured us that in appearing before the common pleas court, he had intended to advise the judge only of his client's need for other counsel and that if his efforts created the impression of representation, it was by mistake. We can see why the judge reported respondent's conduct to relator and why relator reported it to this court. Nevertheless, we do not find that this incident constituted the practice of law.

{¶ 6} Relator urges us to impose a fine and jail sentence for respondent's contempt. We agree that respondent's conduct requires a severe penalty, but respondent's representations during oral argument have persuaded us to temper our disposition. Respondent was apparently once a conscientious and competent trial lawyer but has in recent years suffered personally and professionally from depression or some other form of illness, possibly alcohol dependency. He has sought professional treatment but clearly has not been able to medically manage his condition.

{¶ 7} Accordingly, we find respondent in contempt and order that he serve seven days in jail; however, this sentence is suspended on the conditions that respondent does not violate an order of this court, participates with the Ohio Lawyers' Assistance Program, and cooperates in all respects with the organization's recommendations. Respondent's failure to obey any of these conditions will result in his incarceration.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, O'CONNOR and O'DONNELL, JJ., concur.

LUNDBERG STRATTON, J., concurs in part because she would order a $250 fine, suspended, rather than seven days in jail, suspended.

PFEIFER, J., dissents and would fine respondent $250, suspended.

---

Sowald, Sowald & Clouse and Heather G. Sowald; David S. Jump; Bruce A. Campbell, Bar Counsel, and Jill M. Snitcher McQuain, Assistant Bar Counsel, for relator.

Charles E. Smith, pro se.