CLEVELAND BAR ASSOCIATION *v.* McKISSIC, D.B.A. VEL'S
PROFESSIONAL SERVICES, VELMA McKISSIC AND
ASSOCIATES, AND McKISSIC AND ASSOCIATES.

[Cite as *Cleveland Bar Assn. v. McKissic,*
106 Ohio St.3d 106, 2005-Ohio-3954.]

(No. 2004-2146—Submitted March 9, 2005—Decided August 17, 2005.)

---

**Per Curiam.**

{¶ 1} On November 3, 2003, relator, Cleveland Bar Association, charged that respondent, Velma McKissic of Cleveland, Ohio, and the companies through which she did business, Vel's Professional Services, Velma McKissic & Associates, and McKissic & Associates, had engaged in the unauthorized practice of law. The Board on the Unauthorized Practice of law considered the cause on the parties' stipulations of fact and waiver of notice and hearing. Gov.Bar R. VII(7)(C). Accepting these filings, the board made findings of fact, conclusions of law, and a recommendation.

{¶ 2} Respondent has never been an attorney admitted to practice, granted active status, or certified to practice law in Ohio pursuant to Gov.Bar R. I (admission to practice), II (internship), VI (active status), IX (temporary certification), or XI (foreign legal consultants). While operating her companies during 2000 through 2003, however, respondent regularly (1) selected for her customers various legal forms, including divorce complaints, motions for temporary custody and child support, bankruptcy petitions, tax returns, and deeds, (2) discussed their legal concerns, and (3) helped the customers complete their legal papers for filing in court. Respondent advertised in the Cleveland Yellow Pages under the category "Legal Forms Assistance" and charged for her services.

{¶ 3} Respondent claims that she did not realize that by selecting and completing legal forms for her customers, she was also engaging in the unauthorized practice of law. She has since recognized the illegality of her conduct, however, and she has closed her business office. Respondent maintains that she has not assisted anyone in preparing court documents since June 2003.

{¶ 4} Respondent stipulated that she had engaged in the unauthorized practice of law and promised that she would never again hold herself out as qualified to help others prepare legal documents. In return, relator agreed not to pursue the monetary sanctions made available by Gov.Bar R. VII(19)(D)(1)(c).

{¶ 5} The board found that respondent had engaged in the unauthorized practice of law and recommended that we enjoin respondent from future attempts to prepare legal documents for others. We adopt the board's findings and recommendation.

{¶ 6} Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on this court jurisdiction over all matters related to the practice of law. The unauthorized practice of law consists of rendering legal services and includes the preparation of legal pleadings and other papers without the supervision of an attorney licensed in Ohio. *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 278, 703 N.E.2d 771; *Cleveland Bar Assn. v. Coats*, 98 Ohio St.3d 413, 2003-Ohio-1496, 786 N.E.2d 449, ¶ 3.

{¶ 7} We hereby find that respondent has engaged in the unauthorized practice of law. Respondent is therefore enjoined from preparing legal documents for others and from any other conduct constituting the unauthorized practice of law. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Craig S. Cobb and William R. Doslak, for relator.

Velma McKissic, pro se.