CLEVELAND BAR ASSOCIATION *v.* PARA-LEGALS, INC. ET AL.

[Cite as *Cleveland Bar Assn. v. Para–Legals, Inc.,* 106 Ohio St.3d 455, 2005-Ohio-5519.]

(No. 2004–2145—Submitted June 15, 2005—Decided November 2, 2005.)

Per Curiam.

{¶ 1} On November 3, 2003, relator, Cleveland Bar Association, charged respondents, Para–Legals, Inc., and Jay LeVert and Leah Hampton, both associated with the company, with engaging in the unauthorized practice of law.

{¶ 2} Relator attempted to serve respondents with the complaint by certified mail, but respondents did not sign the receipts. Thus, pursuant to Gov.Bar R. VII(10), service was obtained by ordinary mail evidenced by a certificate of mailing. Respondents did not answer the complaint, and relator moved for default. See Gov.Bar R. VII(7)(B). The Board on the Unauthorized Practice of Law granted the motion and made findings of fact, conclusions of law, and a recommendation to enjoin respondents' acts constituting the unauthorized practice of law.

{¶ 3} We remanded this cause on February 25, 2005, for the board to supplement the reasoning for its recommendation. *Cleveland Bar Assn. v. Para–Legals, Inc.*, 105 Ohio St.3d 1448, 2005-Ohio-762, 823 N.E.2d 453. The cause is thus before us for the second time. Upon review, we adopt the board's findings of fact, conclusions of law, and recommended injunction. We also agree that the monetary sanction authorized by Gov.Bar VII(8)(B) is inappropriate.

{¶ 4} According to its articles of incorporation, Para–Legals, Inc. was formed to provide legal research, document preparation, and other ancillary services to law firms, individual attorneys, and the general public. It is unclear whether LeVert is the corporation's president or some other principal. Hampton was an employee.

{¶ 5} Neither LeVert nor Hampton has been admitted to the practice of law in Ohio, a fact that Para–Legals, Inc. advertised on its letterhead with the slogan "We Are Not Attorneys, We Just Do All Of The Work!" While doing business as Para–Legals, Inc., however, LeVert entered into a "special power of attorney" that purported to grant LeVert the authority to directly represent CSI Merchant.Com, d.b.a. Cardservice of Atlantic ("CSI"), a Florida corporation, before the Municipal Court of Elyria Ohio, Small Claims Division. CSI's president retained Para–Legals, Inc. because he thought that paralegals were authorized in Ohio to represent members of the public in small legal matters. The CSI president paid LeVert $240, but later learned that an adverse judgment had been entered against CSI because no one had appeared on the corporation's behalf at a court hearing. CSI eventually had to satisfy the judgment.

{¶ 6} Also acting as an employee of Para–Legals, Inc., Hampton prepared without professional supervision a petition for dissolution of marriage, a marital settlement agreement, and related papers for Clare Gray and Van Gray that were filed in the Cuyahoga County Domestic Relations Court. The court later determined that none of the Grays' filings established a valid waiver of service for

Van Gray, who was apparently incarcerated at the time. Hampton charged $200 for her work.

{¶ 7} Section 2(B)(1)(g), Article IV, Ohio Constitution confers on this court original jurisdiction regarding admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law. *Royal Indemn. Co. v. J.C. Penney Co., Inc.* (1986), 27 Ohio St.3d 31, 34, 27 OBR 447, 501 N.E.2d 617; *Judd v. City Trust & Sav. Bank* (1937), 133 Ohio St. 81, 10 O.O. 95, 12 N.E.2d 288. And with few exceptions, including *Cleveland Bar Assn. v. Pearlman,* 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193 (allowing a nonlawyer to prepare and file a complaint in small claims court on behalf of a corporation of which the nonlawyer is a company officer), the unauthorized practice of law occurs when a layperson renders legal services for another, including the management of actions and proceedings on behalf of clients before courts of law. Gov.Bar R. VII(2)(A); *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 278, 703 N.E.2d 771. The unauthorized practice of law also includes the preparation for another of legal pleadings and other papers by a layperson without the supervision of a licensed attorney. Id.; *Cleveland Bar Assn. v. Coats,* 98 Ohio St.3d 413, 2003-Ohio-1496, 786 N.E.2d 449, ¶ 3.

{¶ 8} Respondents Para–Legals, Inc. and LeVert engaged in the unauthorized practice of law by attempting to represent the Florida corporation in municipal court through the sham authority of a power of attorney. *Disciplinary Counsel v. Coleman* (2000), 88 Ohio St.3d 155, 724 N.E.2d 402. And as an employee of Para–Legals, Inc., Hampton also engaged in the unauthorized practice of law by preparing legal documents for another for filing in the domestic relations court without a licensed lawyer's oversight. *Columbus Bar Assn. v. Purnell* (2002), 94 Ohio St.3d 126, 760 N.E.2d 817; *Coats,* 98 Ohio St.3d 413, 2003-Ohio-1496, 786 N.E.2d 449.

{¶ 9} The board considered the factors listed in Gov.Bar R. VII(8)(B)(1) through (5) before recommending against a civil penalty. The board observed that respondents had practiced law without a license only a minimal number of times and had apparently stopped advertising their unlawful services shortly after relator filed the complaint against them. The board also determined that these isolated instances did not reveal a pattern of conduct warranting anything more than injunctive relief.

{¶ 10} We therefore find that respondents engaged in the unauthorized practice of law. Respondents are hereby enjoined from lay attempts (1) to represent others in court pursuant to powers of attorney, (2) to prepare court documents for another without professional supervision, and (3) to engage in other acts constituting the practice of law. Costs are taxed to respondents.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

O'DONNELL, J., concurs separately.

---

**O'DONNELL, J., concurring.**

{¶ 11} I write separately to express my view that the court should revisit the position it established in *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, allowing members of a limited liability company to represent separate entities in courts of law.

{¶ 12} As I set forth in my dissenting opinion in *Pearlman*, id. at ¶ 33–36, I would offer that the proper standard to be used in resolving questions regarding the unauthorized practice of law should not be whether the individual appeared in court as a member of a limited liability company, or, as here, in accordance with a written power of attorney. Rather, the test should be whether the individual is acting in a representative capacity on behalf of a separate legal entity capable of suing and being sued in the state of Ohio. In *Disciplinary Counsel v. Givens*, 106 Ohio St.3d 144, 2005-Ohio-4104, 832 N.E.2d 1200, our court unanimously precluded an officer of a nonprofit organization from representing that entity in a court of law, thereby requiring the nonprofit organization to retain counsel to present matters on its behalf in court. Accordingly, it should be of no consequence that Pearlman is a 99 percent member (akin to a majority shareholder) of a limited liability company, that Givens is the director, chief executive officer, and statutory agent for a nonprofit organization or, as in this case, that individuals acted on behalf of a corporation pursuant to a power of attorney. Here, both Para– Legals, Inc. and LeVert acted in a representative capacity on behalf of CSI Merchant.Com, d.b.a. Cardservice of Atlantic, and have, in my view, engaged in the unauthorized practice of law. By adopting a test involving the capacity in which individuals appear in court, we can better explain to our citizenry, to organizations conducting affairs in our state, and to the legal profession what does and does not constitute the unauthorized practice of law.

---

John A. Hallbauer, for relator.