OHIO STATE BAR ASSOCIATION *v.* COHEN.

[Cite as *Ohio State Bar Assn. v. Cohen,*
107 Ohio St.3d 98, 2005-Ohio-5980.]

(No. 2004–2164—Submitted June 15, 2005—Decided November 23, 2005.)

---

**Per Curiam.**

{¶ 1} On April 26, 2004, relator, Ohio State Bar Association, charged that respondent, Randy Cohen, had engaged in the unauthorized practice of law by rendering and receiving payment for a variety of legal services while doing business as DocuPrep USA. The Board on the Unauthorized Practice of Law considered the cause on the parties' stipulations of fact and waiver of notice and hearing. See Gov.Bar R. VII(7)(H). Accepting these filings, the board made the following findings of fact, conclusions of law, and recommendation.

{¶ 2} Respondent conducted business at DocuPrep USA, part of a nationwide chain advertised as independently operated paralegal offices. For his particular operation, respondent advertised that he would help customers "prepare and file the important documents of [their] life without the services and expense of a lawyer." More specifically, respondent offered to prepare wills and living trusts, as well as the documents necessary for divorces, name changes, stepparent adoptions, evictions, immigration, and bankruptcies, and to establish corporations, among "other uncontested legal procedures."

{¶ 3} Respondent is not and never has been an attorney admitted to the practice of law, granted active status, or certified to practice law in the state of Ohio pursuant to Gov.Bar R. I, II, VI, IX, or XI. Yet on numerous occasions, respondent drafted and completed documents, including several wills, a dissolution pleading and related orders, and many bankruptcy petitions, all of which affected or determined others' legal rights. He also gave advice and counsel to people about their legal rights, all the while charging for his services.

{¶ 4} During his deposition, respondent testified that when customers came to him, they did not know what type of legal document was required to accomplish their objective, and respondent would choose for them by using official forms and software programs. By selecting the causes of action and legal instruments he thought might protect his customers' interests, however, respondent was engaged

in the unlicensed practice of law; he just did not realize it. In fact, although he did know that his customers were relying on the documents he prepared to protect their legal rights in court and elsewhere, respondent described himself as merely a document preparer.

{¶ 5} Based on this conduct, respondent conceded and the board found that he had engaged in the unauthorized practice of law while doing business as Docu-Prep USA. The board recommended that we issue an order finding that respondent engaged in the unauthorized practice of law and enjoining him from engaging in such practices in the future.

{¶ 6} On review of the record, we adopt the findings, conclusions, and recommendation of the board. Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on this court original jurisdiction over all matters related to the practice of law. With few exceptions, see, e.g., *Cleveland Bar Assn. v. Pearlman,* 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193 (allowing a nonlawyer to prepare and file a complaint for another in small claims court under certain circumstances), the unauthorized practice of law consists of rendering legal services and includes the preparation of legal pleadings and other papers for another without the supervision of an attorney licensed in Ohio. *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 278, 703 N.E.2d 771; *Cleveland Bar Assn. v. Coats,* 98 Ohio St.3d 413, 2003-Ohio-1496, 786 N.E.2d 449, ¶ 3.

{¶ 7} Respondent is therefore enjoined from preparing legal documents for others and from any other conduct constituting the unauthorized practice of law. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

PFEIFER and O'DONNELL, JJ., concur but would also impose a $10,000 civil penalty.

---

Fitch, Kendall, Cecil, Robinson & Barry Co., L.P.A., and Ian Robinson; Eugene Whetzel, Bar Counsel, for relator.

Randy Cohen, pro se.