TRUMBULL COUNTY BAR ASSOCIATION *v.* LEGAL AID STATE
SERVICES, INC., A.K.A. LEGAL AIDE STATE SERVICES, INC.

[Cite as *Trumbull Cty. Bar Assn. v. Legal Aid State
Servs., Inc.,* 109 Ohio St.3d 93, 2006-Ohio-1931.]

(No. 2005–1939—Submitted November 30, 2005—Decided May 3, 2006.)

**Per Curiam.**

{¶ 1} On November 8, 2004, relator, Trumbull County Bar Association, charged that respondent, Legal Aid State Services, Inc., a.k.a. Legal Aide State Services, Inc., had engaged in the unauthorized practice of law by preparing for two customers adoption papers that were to be filed in court.

{¶ 2} Respondent was served with the complaint but did not answer, and relator filed a motion for default pursuant to Gov.Bar R. VII(7)(B). A panel of the Board on the Unauthorized Practice of Law granted the motion and made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

{¶ 3} Respondent is apparently based in Las Vegas, Nevada and, at the times described in the complaint, employed nonlawyers to prepare legal documents for customers. At legalaidstateservice.com, an Internet website through which respondent did business at that time, respondent promoted its expertise in preparing "documents according to the standards required by the specific court involved." That Internet website is no longer in operation.

{¶ 4} In February 2004, one of respondent's unlicensed employees prepared two petitions for adoption to be filed in the Trumbull County Probate Court on behalf of two customers, a married couple seeking to have the husband adopt the wife's two minor children. The couple paid respondent a fee of $251. When the couple's attorney discovered her clients' involvement with respondent, she arranged to stop the $251 payment.

{¶ 5} The board found that respondent had thereby engaged in the unauthorized practice of law and recommended that we enjoin respondent from such practices in the future. The board did not recommend imposition of a civil penalty under Gov.Bar R. VII(8). Based on relator's motion for default, the

board found that respondent's infraction was not flagrant enough to warrant a fine and that the adopting couple had been able to recoup the money paid to respondent, which are mitigating factors under Gov.Bar R. VII(8)(B)(2), (3), and (4).

{¶ 6} We adopt the board's findings and recommendation. Section 2(B)(1)(g), Article IV, Ohio Constitution, confers on this court original jurisdiction regarding admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law. A person who is not admitted to the practice of law pursuant to the Supreme Court Rules for the Government of the Bar engages in the unauthorized practice of law when he or she provides legal services to another in this state. Gov.Bar R. VII(2)(A); see, also, R.C. 4705.01.

{¶ 7} The practice of law is not limited to appearances in court. It also embraces the preparation of papers that are to be filed in court on another's behalf and that are otherwise incident to a lawsuit. See, e.g., *Cleveland Bar Assn. v. Misch* (1998), 82 Ohio St.3d 256, 259, 695 N.E.2d 244; *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, paragraph one of the syllabus. Thus, unauthorized practice occurs when a layperson renders legal services for another person. *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 278, 703 N.E.2d 771; *Cleveland Bar Assn. v. Para–Legals, Inc.*, 106 Ohio St.3d 455, 2005-Ohio-5519, 835 N.E.2d 1240, ¶ 7.

{¶ 8} By preparing legal papers to be filed in court on behalf of the couple in this case, respondent engaged in the unauthorized practice of law. Respondent is therefore enjoined from acts constituting the unauthorized practice of law, including the preparation for others of documents to be filed in court. Costs are taxed to respondent.

Judgment accordingly.

Moyer, C.J., Resnick, Pfeifer, Lundberg Stratton, O'Connor and Lanzinger, JJ., concur.

O'Donnell, J., concurs separately.

———————

**O'Donnell, J., concurring.**

{¶ 9} I concur in the decision reached in this case to the effect that one who prepares papers for filing in court on behalf of another engages in the unauthorized practice of law. I write separately to restate my strong conviction that our court ought to adopt a bright-line test involving the capacity in which persons appear in the courts of this state. Those who act in a representative capacity are, in my view, engaging in the practice of law. This is the view I expressed in *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832

N.E.2d 1193, ¶ 29–37 (O'Donnell, J., dissenting), and in *Cleveland Bar Assn. v. Para–Legals, Inc.,* 106 Ohio St.3d 455, 2005-Ohio-5519, 835 N.E.2d 1240, ¶ 11–12 (O'Donnell, J., concurring), but not yet the view shared by a majority of this court. Today's opinion, I think, therefore, only further blurs the lines of demarcation for the public and for the lawyers of our state who try to adhere to the fuzzy rules that seem to ebb and flow based on the particular facts of the cases before us. There should be no doubt whatsoever that only those licensed to practice law in the state of Ohio are authorized to act in a representative capacity in any court of law. By adopting a capacity test, we would end the confusion and better the profession. In my view, it is time we did so. Accordingly, while I concur with the decision in this case, I would clarify the law in this area.

Robert F. Burkey and Richard L. Magill, for relator.