[Cite as *Redmond v. Ohio Dept. of Ins.*, 2021-Ohio-2570.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Alan Redmond, | : | |
| Appellant-Appellant, | : | No. 20AP-339 |
| | | (C.P.C. No. 20CV-704) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Insurance, | : | |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on July 27, 2021

**On brief:** *Graff & McGovern, LPA,* and *John A. Izzo*, for appellant. **Argued:** *John A. Izzo.*

**On brief:** *Dave Yost*, Attorney General, and *Crystal R. Richie*, for appellee. **Argued:** *Crystal R. Richie.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant, Alan Redmond, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of the Ohio Department of Insurance ("the department") revoking his insurance agent license. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On December 3, 2018, the department issued a Notice of Opportunity for Hearing ("notice") to Redmond alleging he had violated Ohio's insurance law. The notice included five counts. Count one alleged Redmond's Louisiana insurance agent license was revoked on January 6, 2017. Count two alleged Redmond's Oregon insurance agent license was revoked on June 29, 2017. Count three alleged Redmond was subject to an Oregon cease and desist order issued on June 29, 2017, related to unlicensed activity, mishandling

of funds and/or a breach of fiduciary responsibilities. Count four alleged Redmond's Minnesota insurance agent license was revoked on July 13, 2017. And count five alleged Redmond's Virginia insurance agent license was revoked on March 9, 2018. The notice advised Redmond that these violations could result in the revocation of his Ohio insurance agent license pursuant to R.C. 3905.14(B)(10) and (18).

{¶ 3} Redmond requested a hearing regarding the matter pursuant to R.C. Chapter 119, and a department hearing officer held the requested hearing in April 2019. Neither Redmond nor his representative appeared at the hearing. Instead, "mitigating evidence" was submitted on Redmond's behalf by attorney William Rush. Because Rush's admission to practice law in Ohio was uncertain, the hearing officer considered these materials to be directly from Redmond. To begin the hearing, the department indicated it was withdrawing count one of the notice. The department called two witnesses to testify, a department staff attorney and a department enforcement division supervisor, and it submitted various exhibits pertinent to the alleged insurance law violations.

{¶ 4} In May 2019, and based on the evidence presented at the hearing, including Redmond's submission, the hearing officer issued her report and recommendation. The hearing officer concluded that Redmond violated R.C. 3905.14(B)(10) because his insurance agent license was denied, suspended, or revoked in another state, and she indicated this conclusion corresponded to counts one, two, four, and five of the notice. The hearing officer also concluded that Redmond violated R.C. 3905.14(B)(18) because he was the subject of a cease and desist order related to unlicensed activity, mishandling of funds and/or a breach of fiduciary responsibilities, and she indicated this conclusion corresponded to count three of the notice. The hearing officer recommended the department revoke Redmond's insurance agent license.

{¶ 5} In June 2019, Redmond submitted objections to the hearing officer's report and recommendation. In January 2020, the department issued an order adopting the hearing officer's report and recommendation, except as to count one of the notice, which the order notes was withdrawn. Based on the department's approval of the hearing officer's findings and conclusions as to counts two, three, four, and five of the notice, and her recommendation, it ordered the revocation of Redmond's insurance agent license.

{¶ 6} Pursuant to R.C. Chapter 119, Redmond appealed from the department's revocation order to the trial court. In June 2020, the trial court affirmed the order.

{¶ 7} Redmond timely appeals.

## II. Assignments of Error

{¶ 8} Redmond assigns the following errors for our review:

> [1.] The trial court abused its discretion in determining the Department's Order was in accordance with law.
>
> [2.] The trial court abused its discretion in determining the Department's Order was based upon reliable, probative, and substantial evidence.

## III. Discussion

### A. Standard of Review

{¶ 9} In reviewing an order of an administrative agency under R.C. 119.12, a common pleas court must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and whether the order is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110 (1980). "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. "Substantial" evidence is evidence with some weight; it must have importance and value. *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 10} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). On questions of law, the common pleas court conducts a de novo review, exercising its independent judgment in determining whether the administrative order is " 'in accordance with law.' " *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993), quoting R.C. 119.12. As to questions of fact, the common pleas court must

give due deference to the administrative agency's resolution of evidentiary conflicts, but "the findings of the agency are by no means conclusive." *Conrad* at 111. The common pleas court usually is "confined to the record as certified to it by the agency" and to "newly discovered" evidence that could not reasonably have been adduced before the agency. R.C. 119.12(K).

{¶ 11} An appellate court's review of an administrative decision is more limited. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). While the common pleas court must examine the evidence, "[s]uch is not the charge of the appellate court." *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.*, 63 Ohio St.3d 705, 707 (1992). The appellate court is to determine only whether the common pleas court abused its discretion. *Id.*; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218 (1983). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore* at 219. On review of purely legal questions, an appellate court has de novo review. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.); *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 343 (1992).

## B. First Assignment of Error

{¶ 12} Redmond's first assignment of error alleges the trial court erred in finding the department's order was not contrary to law. Redmond argues the trial court erred by (1) not finding the department denied him due process; (2) not finding the department improperly modified the hearing officer's report; (3) finding the department filed a complete record of the administrative proceedings; (4) finding the hearing officer issued findings of fact and conclusions of law in accordance with R.C. 119.09; (5) finding it was not permitted to change the department's sanction; (6) not finding the hearing officer's report to be flawed because the hearing officer analyzed and reached a conclusion concerning the notice's first count; and (7) not finding the department erred in not explaining its analysis of R.C. 3905.14(E)'s factors. We will address these arguments in turn.

### 1. Due Process

{¶ 13} According to Redmond, his due process rights were violated because he was denied a fair hearing before an impartial tribunal. The Due Process Clause of the Fifth Amendment to the United States Constitution, as applicable to the states through the

Fourteenth Amendment, provides: "No person shall * * * be deprived of life, liberty, or property, without due process of law." But "[f]or all its consequence, 'due process' has never been, and perhaps can never be, precisely defined. * * * Rather, the phrase expresses the requirement of 'fundamental fairness,' a requirement whose meaning can be as opaque as its importance is lofty." *Lassiter v. Dept. of Social Servs. of Durham Cty., North Carolina*, 452 U.S. 18, 24-25 (1981). Although "due process" lacks a precise definition, courts have long held that due process requires both notice and an opportunity to be heard. *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, ¶ 13. Thus, "[d]ue process requires that an individual in an administrative proceeding is entitled to a fair hearing before an impartial tribunal." *Serednesky v. Ohio State Bd. of Psychology*, 10th Dist. No. 05AP-633, 2006-Ohio-3146, ¶ 21, citing *In re Murchison*, 349 U.S. 133, 136 (1955).

{¶ 14} Redmond asserts that the notice he received was deficient because it did not inform him that the underlying factual bases for the actions taken against him in the other states could be used against him in this matter. We disagree. R.C. 119.07 states in part that "[n]otice * * * shall include the charges or other reasons for the proposed action, [and] the law or rule directly involved." Here, the notice provided to Redmond informed him that the department was proposing to suspend, revoke, or refuse to renew his insurance agent license based on the alleged revocation of his licenses in Louisiana (count one), Oregon (count two), Minnesota (count four), and Virginia (count five), and a cease and desist order in Oregon related to unlicensed activity, mishandling of funds and/or a breach of fiduciary responsibilities (count three).

{¶ 15} Pursuant to R.C. 3905.14(B)(10) and (18):

> The superintendent[1] may suspend, revoke, or refuse to issue or renew any license of an insurance agent, assess a civil penalty, or impose any other sanction or sanctions authorized under this chapter, for one or more of the following reasons:
>
> * * *

---

[1] "The superintendent of insurance shall be the chief executive officer and director of the department of insurance and shall have all the powers and perform all the duties vested in and imposed upon the department of insurance." R.C. 3901.011.

(10) Having an insurance agent license, or its equivalent, denied, suspended, or revoked in any other state, province, district, or territory;

* * *

(18) Having been subject to a cease and desist order or permanent injunction related to mishandling of funds or breach of fiduciary responsibilities or for unlicensed or unregistered activities;

{¶ 16} Following the administrative hearing, the filing of the hearing officer's report and recommendation and Redmond's objections thereto, the department found the allegations in counts two, three, four, and five of the notice were substantiated by the evidence. The department did not, however, find Redmond's insurance agent license had been revoked in Louisiana. Under the authority of R.C. 3905.14(B)(10) and (18), these circumstances provided bases for the department to revoke Redmond's insurance agent license.

{¶ 17} In determining the appropriate sanction to impose for a violation under R.C. 3905.14(B), R.C. 3905.14(E) sets forth 12 factors the department may consider, including any factor "the superintendent determines to be appropriate under the circumstances." R.C. 3905.14(E)(12). Here, the hearing officer, indicating her consideration of the factors in R.C. 3905.14(E), stated: "The undersigned recommends that Alan Redmond's license be revoked due to the fact that other state regulatory agencies [have] revoked his license for issues such as having unlicensed individuals soliciting business and selling policies to consumers as well as misrepresentation of licensed agents in the National Brokers of America agency." (May 24, 2019 Report & Recommendation at 4-5.) The department adopted this recommendation. While Redmond suggests he should have been given notice that his underlying conduct in other states would be considered against him, he does not dispute either that he was given notice of his alleged violations of R.C. 3905.14(B)(10) and (18), which constitute "reasons" the department may revoke an insurance agent license, or that R.C. 3905.14(E) placed him on notice that any pertinent factor, such as the underlying bases for the revocation of his license in other states, may be considered by the department

in determining the sanction to impose. Thus, we are unpersuaded by Redmond's contention that he was not on notice of the bases for the action taken against him.

{¶ 18} Redmond also contends he did not receive a fair hearing before an impartial tribunal because the hearing officer demonstrated bias against him. He asserts the hearing officer improperly made certain statements regarding the licensure of the attorney representing him, and she did not duly consider his written submission. The practice of law "includes conducting cases in court, preparing and filing legal pleadings and other papers, appearing in court cases, and managing actions and proceedings on behalf of clients before judges, whether before courts or administrative agencies." *Cleveland Bar Assn. v. Coats*, 98 Ohio St.3d 413, 2003-Ohio-1496, ¶ 3. Thus, an individual not licensed to practice law in Ohio may not submit a filing, on behalf of another, with the department. Furthermore, a party may appear at an administrative hearing or "may present [his or her] position, arguments, or contentions in writing." R.C. 119.07. At the hearing, the hearing officer expressed concern that the individual who submitted Redmond's written submission was not licensed to practice law in Ohio and indicated she would not tolerate the unauthorized practice of law before the department. In the absence of information demonstrating Redmond's representative was licensed to practice law in Ohio, the hearing officer indicated Redmond's written submission would be admitted into evidence and considered as being received directly from him. This approach was reasonable, did not reflect any bias, and resulted in no prejudice to Redmond. Additionally, simply because the hearing officer was not persuaded by the submission contents does not mean the submission was not duly considered.

{¶ 19} Redmond also alleges the hearing officer demonstrated bias by asking irrelevant questions to a witness and questioning the department's withdrawal of an exhibit at the hearing. The hearing officer asked the enforcement division supervisor whether Redmond's wife and a certain employee of Redmond had insurance agent licenses. The hearing officer also asked the department's attorney about her decision to withdraw an exhibit concerning Redmond's 2016 license renewal application, suggesting there had been a non-reporting issue despite no such allegation being in the notice. Redmond fails to explain, however, how these questions and statements during the hearing, regarding issues

that ultimately may have been inconsequential to the disposition of the matter, demonstrated bias or prejudice against him.

{¶ 20} Accordingly, we are unpersuaded by Redmond's contention that he did not receive a fair hearing before an impartial tribunal.

## 2. Modification of Hearing Officer's Report and Recommendation

{¶ 21} Redmond argues the trial court erred in not finding the department improperly modified the hearing officer's report and recommendation. R.C. 119.09 states in part: "[I]f the agency modifies or disapproves the recommendations of the referee or examiner it shall include in the record of its proceedings the reasons for such modification or disapproval." In her report and recommendation, the hearing officer found a violation of the notice's first count, which alleged Redmond's Louisiana insurance agent license was revoked. While this finding was erroneous because the department had withdrawn that count at the hearing, the department corrected the mistake by not adopting that finding. Redmond contends the department did not properly modify the hearing officer's report and recommendation because the department did not explain the basis for the modification. But the basis for the modification was self-explanatory. The modification was necessary because the department had withdrawn count one at the hearing. And any deficiency in the department's explanation was not prejudicial because the modification was to Redmond's benefit. Thus, we reject Redmond's argument concerning the department's modification of the hearing officer's report and recommendation.

## 3. Administrative Record Filing Requirement

{¶ 22} We are also unpersuaded by Redmond's argument the trial court erred in finding the department complied with its record filing obligation. Pursuant to R.C. 119.12(I), after a notice of appeal from an agency's order is filed with the common pleas court, the agency must, within 30 days after receipt of the notice, "prepare and certify to the court a complete record of the proceedings in the case." *Angerbauer v. State Med. Bd.*, 10th Dist. No. 17AP-88, 2017-Ohio-7420, ¶ 19. "A 'complete record of proceedings' in a case is a 'precise history' of the administrative proceedings from their commencement to their termination." *Beach v. Ohio Bd. of Nursing*, 10th Dist. No. 10AP-940, 2011-Ohio-3451, ¶ 21, quoting *Checker Realty Co. v. Ohio Real Estate Comm.*, 41 Ohio App.2d 37, 42 (10th Dist.1974). Despite conceding the certified record includes all the administrative

proceedings in this matter, Redmond contends the certified record also includes extraneous documents and was haphazardly ordered. But Redmond fails to articulate how the inclusion of any extraneous documents or the ordering of the certified record prejudiced him in his appeal to the trial court. Thus, we reject this argument.

### 4. Findings of Fact and Conclusions of Law Requirement

{¶ 23} Redmond argues the trial court erred in not finding the hearing officer failed to provide findings of fact and conclusions of law as required under R.C. 119.09, thereby hindering his ability to challenge the report and recommendation. R.C. 119.09 requires the hearing officer appointed to conduct an administrative hearing to "submit to the agency a written report setting forth the referee's or examiner's findings of fact and conclusions of law and a recommendation of the action to be taken by the agency." Redmond contends the hearing officer did not meet this requirement because she simply reiterated the allegations in the notice. We disagree. The hearing officer's report and recommendation includes findings of fact relating to the revocation of Redmond's insurance agent license in multiple states and the issuance of the cease and desist order. The findings of fact did not simply reiterate the notice allegations, they reflected the hearing officer's determination that those allegations were substantiated in the record. And her conclusions of law applied the pertinent law to those factual findings. Therefore, we are unpersuaded by Redmond's argument concerning R.C. 119.09's findings of fact and conclusions of law requirement.

### 5. Trial Court's Authority to Modify the Department's Sanction

{¶ 24} Redmond argues the trial court erred in determining it was not permitted to modify the department's sanction. The trial court, in addressing Redmond's contention that the revocation sanction was too harsh, referenced its conclusions that the sanction was authorized by law and was supported by reliable, probative, and substantial evidence. Under these circumstances, the trial court could not review the harshness of the sanction. When an agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law, a reviewing court may not modify a sanction authorized by statute. *Henry's Café Inc. v. Ohio Bd. of Liquor Control*, 170 Ohio St. 233 (1959). Thus, the trial court properly declined to review the harshness of the sanction.

### 6. Hearing Officer's Violation Finding as to Count One

{¶ 25} Redmond contends the trial court erred in not finding the hearing officer's report and recommendation to be flawed because the hearing officer reached a violation finding as to count one even though that count had been withdrawn at the hearing. Redmond argues the hearing officer's finding as to this count reflected her improper analysis of the issues before her. While we agree the hearing officer's conclusion as to count one was mistaken, this error was harmless because the department did not adopt that aspect of her report. The department corrected this mistake, expressly noting in its order that count one had been withdrawn as an allegation against Redmond. Thus, Redmond's challenge to the hearing officer's violation finding as to count one is unavailing.

### 7. Consideration of R.C. 3905.14(E) Factors

{¶ 26} Redmond asserts the trial court erred in not finding that the department's discussion of the R.C. 3905.14(E) factors was deficient. The department's order notes that the R.C. 3905.14(E)'s factors were considered as part of the sanction analysis but provides no specific and detailed analysis of the applicability of those factors. Redmond argues that consideration of the R.C. 3905.14(E) factors is not required, but if the department considers them in determining the appropriate sanction for a violation of R.C. 3905.14(B), it must explain its application of the factors to the facts. But he cites no law in support of this proposition, and we find none.

{¶ 27} For these reasons, we overrule Redmond's first assignment of error.

### C. Second Assignment of Error

{¶ 28} In his second assignment of error, Redmond alleges the trial court abused its discretion in finding reliable, probative, and substantial evidence in the record supporting the department's order revoking his license. This assignment of error lacks merit.

{¶ 29} As discussed above, the department found that Redmond violated R.C. 3905.14(B)(10) and (18). Pursuant to R.C. 3905.14(B)(10), the department may revoke an individual's insurance agent license because the individual had his insurance agent license revoked in any other state. And pursuant to R.C. 3905.14(B)(18), the department may revoke an individual's insurance agent license because the individual had been subject to a cease and desist order related to mishandling of funds or breach of fiduciary responsibilities or for unlicensed or unregistered activities.

{¶ 30} Insofar as Redmond contends the trial court abused its discretion in finding reliable, probative, and substantial evidence in the record to support the revocation of his license pursuant to R.C. 3905.14(B)(10), we reject that contention. Evidence in the record demonstrates Redmond's insurance agent license was revoked in other states. Namely, the record contains a June 2017 Oregon order revoking Redmond's insurance agent license (this document also ordered Redmond to cease and desist from violating any Oregon insurance law), a July 2017 Minnesota order revoking his insurance agent license, and a March 2018 Virginia order revoking his insurance agent license. Thus, we find the trial court did not abuse its discretion in finding reliable, probative, and substantial evidence in the record supporting the revocation of Redmond's license pursuant to R.C. 3905.14(B)(10).

{¶ 31} Regarding R.C. 3905.14(B)(18), Redmond asserts there was no evidence that he was issued a cease and desist order related to mishandling of funds, breach of fiduciary responsibilities, or for unlicensed or unregistered activities. He argues the June 2017 Oregon cease and desist order was issued because he did not request a hearing, not because he violated the state's insurance law. We disagree. While it is true that Redmond did not request a hearing in response to the allegation that he had violated Oregon insurance law, this was not the substantive basis for the cease and desist order. The governing Oregon state agency concluded, among other things, that Redmond violated Or.Rev.Stat. 744.053 "on 1,014 occasions" by selling, soliciting, or negotiating insurance in Oregon without a license. (June 29, 2017 Oregon Final Order to Cease & Desist, State's Ex. F at 2, attached to Complete Record of Proceedings.) And that agency expressly noted it was authorized, pursuant to Or.Rev.Stat. 731.252(1), to issue a cease and desist order based on the Oregon insurance law violations. Thus, the cease and desist order was issued because Redmond violated Oregon law by engaging in unlicensed activities, not because he did not request a hearing. We therefore conclude the trial court did not abuse its discretion in finding reliable, probative, and substantial evidence in the record to support the revocation of Redmond's license pursuant to R.C. 3905.14(B)(18).

{¶ 32} Because the trial court did not abuse its discretion in finding the department's revocation of Redmond's license was supported by reliable, probative, and substantial evidence, we overrule Redmond's second assignment of error.

## IV. Disposition

{¶ 33} Having overruled Redmond's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and NELSON, JJ., concur.

NELSON, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).

———————————