RICHLAND COUNTY BAR ASSOCIATION *v.* CLAPP.

[Cite as *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276.]

(No. 98–1711—Submitted October 13, 1998—Decided December 30, 1998.)

*Brown, Bemiller, Murray & McIntyre* and *Wm. Travis McIntyre,* for relator.

*Robert Clapp, pro se.*

*Per Curiam.* We adopt the findings and recommendation of the board. "The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio * * *." Gov.Bar R. VII(2)(A). The practice of law "includes the conduct of litigation and those activities which are incidental to appearances in court." *Akron Bar Assn. v. Greene* (1997), 77 Ohio St.3d 279, 280, 673 N.E.2d 1307, 1308. The practice of law consequently "embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts * * *." *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, paragraph one of the syllabus; see, also, *Cincinnati Bar Assn. v. Estep* (1995), 74 Ohio St.3d 172, 173, 657 N.E.2d 499, 500.

As the board correctly concluded and Clapp conceded, his filing of a motion and pleadings in court on behalf of his clients constituted the unauthorized practice of law. The powers of attorney executed by the Caicos did not permit Clapp, a non-attorney, to file the motion to dismiss in municipal court. See *Greene,* 77 Ohio St.3d at 279–280, 673 N.E.2d at 1308.

Based on the foregoing, we find that Clapp engaged in the unauthorized practice of law. We enjoin Clapp from preparing, on behalf of clients, pleadings, motions, and other legal documents to be filed in any Ohio court.

All costs and expenses of this action are taxed to Clapp.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.