**[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 391.]**

**AKRON BAR ASSOCIATION *v.* COOMBS.**

**[Cite as *Akron Bar Assn. v. Coombs*, 1999-Ohio-398.]**

*Attorneys at law—Misconduct—Six-month suspension with sanction stayed—Practicing law before admission to practice law—Improper notarization of leases.*

(No. 98-2656—Submitted February 10, 1999—Decided April 28, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-69.

————————————

{¶ 1} On March 2, 1998, relator, Akron Bar Association, filed an amended complaint charging respondent, Robert J. Coombs of Akron, Ohio, Attorney Registration No. 0058755, with violating several Disciplinary Rules. After respondent answered, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶ 2} The panel found that after respondent had graduated from law school and before he was admitted to the practice of law in Ohio in May 1992, he represented Samuel Vitrano in several legal matters. In June 1991, he appeared in Akron Municipal Court for Vitrano in a criminal matter and signed a release of claims by Vitrano against the city in return for the city's dismissal of a criminal assault charge against Vitrano. Respondent billed Vitrano $75 per hour for his legal services in connection with the dismissal of the criminal charge, including respondent's conferences with the prosecutor, witnesses, and the court, as well as his attendance at a pretrial hearing. In August 1991, respondent wrote a letter to Vitrano, advising him to settle a case involving a contract dispute with the Connecticut School of Broadcasting. In November and December 1991,

respondent performed legal services for Vitrano involving a child-support matter, including drafting a proposed child-support order.

{¶ 3} The panel further found that in September 1992, only a few months after respondent was admitted to practice law in Ohio, respondent prepared two separate leases for Vitrano, Vitrano's wife, Karen, and John and Sharon Kolinoff. Respondent notarized Karen Vitrano's signature on both leases, even though she did not appear before him either to sign the leases or acknowledge the signatures on the leases. Respondent subsequently settled a malpractice case brought against him by the Vitranos.

{¶ 4} The panel concluded that respondent's conduct in representing Vitrano in legal matters before respondent was admitted to practice law violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), (5) (engaging in conduct that is prejudicial to the administration of justice), and (6) (engaging in any other conduct that adversely reflects on lawyer's fitness to practice law). The panel additionally concluded that respondent's conduct in notarizing Vitrano's wife's signature on the leases even though she did not sign the leases violated DR 1-102(A)(4), 7-102(A)(5) (knowingly making a false statement of law or fact), (6) (participating in the creation of evidence when attorney knows or it is obvious that the evidence is false), and (8) (knowingly engaging in other illegal conduct or conduct contrary to a Disciplinary Rule).

{¶ 5} In mitigation, the panel found respondent's misconduct, though not justified by respondent's claims at the hearing that he had not engaged in the unauthorized practice of law, were isolated incidents that occurred either before or shortly after respondent's admission to the bar, and that since the time of these incidents, respondent had no disciplinary violations and had established himself as a competent practitioner. The panel recommended that respondent be suspended from the practice of law for six months, with the suspension stayed and respondent

placed on six months' probation and monitoring by relator. The board adopted the findings of fact, conclusions of law, and recommendation of the panel.

---

*Alfred E. Schrader* and *Michael C. Scanlon*, for relator.

*Robert J. Coombs, pro se*.

---

***Per Curiam.***

{¶ 6} We adopt the findings, conclusions, and recommendation of the board. Contrary to respondent's assertions at the hearing, the practice of law encompasses those activities that are incidental to appearances in court, including the preparation of legal documents and the management of proceedings on behalf of clients. *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 278, 703 N.E.2d 771, 772.

{¶ 7} Respondent's misconduct, which included his improper notarization of the leases, warrants a six-month suspension from the practice of law with the entire term stayed. Cf. *Cincinnati Bar Assn. v. Reisenfeld* (1998), 84 Ohio St.3d 30, 31-32, 701 N.E.2d 973, 974, where we imposed a similar sanction for misconduct that included submitting improperly notarized affidavits to a court, emphasizing that these improper actions were a "few isolated incidents in otherwise unblemished legal careers." Respondent is hereby suspended from the practice of law for six months, with the suspension stayed and respondent placed on six months' probation, to be monitored by relator. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---