[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 152.]

AKRON BAR ASSOCIATION *v.* FRANK.

[Cite as *Akron Bar Assn. v. Frank*, 2000-Ohio-286.]

*Unauthorized practice of law—Individual not an attorney licensed to practice law in Ohio filed an action seeking a declaratory judgment in the Common Pleas Court of Summit County on behalf of an organization known as the "Committee for Judicial Review"—Any and all activities that constitute the practice of law ordered to be discontinued.*

(No. 99-1615—Submitted December 1, 1999—Decided February 23, 2000.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court, No. UPL 98-2.

_____

{¶ 1} On June 19, 1998, relator, Akron Bar Association, filed a complaint charging that respondent, Robert A. Frank of Akron, Ohio, who is not an attorney licensed to practice law in the state of Ohio, engaged in the unauthorized practice of law when he filed an action seeking a declaratory judgment in the Common Pleas Court of Summit County, Ohio, on behalf of an organization known as the "Committee for Judicial Review." In his complaint, respondent had alleged that he was chairman of the committee and that it was seeking to protect the interest of one of its members, Rita Brown. At a hearing on a motion to dismiss the Summit County action, respondent admitted that he was not a lawyer, and the court subsequently dismissed the case for that reason.

{¶ 2} After relator's complaint was referred to the Board of Commissioners on the Unauthorized Practice of Law ("board"), respondent filed a "Motion to Transfer," stating that he wished to "transfe[r] any and all allegations of unauthorized practice of law to former attorney Paul Pagac of Mineral Ridge, Ohio [*sic*]." The "motion" was denied and respondent was given time to answer. When

respondent filed no answer, the board granted relator's unopposed motion for default and recommended that respondent be permanently enjoined from activities constituting the practice of law. Respondent waived oral argument before this court.

_____

*Lee C. Davies* and *C. Michael Walsh*, for relator.

*Robert A. Frank, pro se.*

_____

***Per Curiam.***

{¶ 3} Section 2(B)(1)(g), Article IV of the Ohio Constitution gives the Supreme Court jurisdiction over all matters relating to the practice of law. R.C. 4705.01 provides in part: "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order to the supreme court in compliance with its prescribed and published rules." In *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, paragraph one of the syllabus, we held that among other activities, "[t]he practice of law * * * embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts."

{¶ 4} Respondent's activities in filing pleadings on behalf of an association and on behalf of another person constitute the practice of law by a person not admitted to the bar. Such conduct is prohibited by the laws of Ohio.

{¶ 5} After the board's recommendation was transmitted to this court, respondent filed rambling objections to the board's findings of fact. His first objection is that the relator was using the disciplinary process to "prevent [respondent] from exposing corruption in the * * * probate court," and that the

relator "made false misrepresentations of material facts." However, respondent had notice of the charges brought against him and did not respond; he had an opportunity for a hearing to present evidence to rebut the charges but did not take advantage of it; he had an opportunity to oppose dismissal and did not reply; and he had an opportunity to argue before this court and waived it.

{¶ 6} In his second objection respondent contends that this court lacks subject-matter jurisdiction and that every order issued by us in our disciplinary proceedings violates the separation-of-powers principle. In support, respondent cites *Middlesex Cty. Ethics Comm. v. Garden State Bar Assn.* (1982), 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116, a case that holds that the *Younger* abstention doctrine prevents a federal court from interfering with the state's control of the attorneys who practice within its jurisdiction. He also cites *Tweedy v. Oklahoma Bar Assn*. (Okla.1981), 624 P.2d 1049, which held that a reinvestigation of a disciplinary charge is within the discretion of the bar association and will not be mandated by the Oklahoma Supreme Court. Both cases are inapposite.

{¶ 7} In his final objection, referencing a case by name and without citation, respondent claims that our Rules for the Government of the Bar have a "chilling effect" and the "facial application of [those rules] are [*sic*] unconstitutional."

{¶ 8} What is clear from the document respondent has filed before us is that respondent has no idea of judicial procedure, no concept of how to present facts, and is unable to interpret case law. Respondent presents unsupported conclusions, takes words and phrases out of context, and liberally uses legal jargon without understanding its meaning. Respondent is a living example of why we require character and fitness reviews, examinations of legal ability, and continuing education of those who are permitted to give legal advice and appear in our courts. Respondent is hereby ordered to discontinue any and all activities that constitute the practice of law.

{¶ 9} Costs are taxed to respondent.

*Judgment accordingly.*

D<small>OUGLAS</small>, C.J., C<small>ARR</small>, R<small>ESNICK</small>, F.E. S<small>WEENEY</small>, P<small>FEIFER</small>, C<small>OOK</small> and L<small>UNDBERG</small> S<small>TRATTON</small>, JJ., concur.

D<small>ONNA</small> J. C<small>ARR</small>, J., of the Ninth Appellate District, sitting for M<small>OYER</small>, C.J.

_____