[Cite as *Toledo Bar Assn. v. Chelsea Title Agency of Dayton, Inc.*, 100 Ohio St.3d 356, 2003-Ohio-6453.]

TOLEDO BAR ASSOCIATION *v.* CHELSEA TITLE AGENCY OF DAYTON, INC., D.B.A. CHELSEA TITLE AGENCY OF TOLEDO.

[Cite as *Toledo Bar Assn. v. Chelsea Title Agency of Dayton, Inc.,* 100 Ohio St.3d 356, 2003-Ohio-6453.]

*Unauthorized practice of law — Ohio corporation that markets title insurance and not licensed to practice law in Ohio or any other jurisdiction prepared a general warranty deed to convey real property and prepared a quitclaim deed to convey real property — Engagement in the unauthorized practice of law enjoined and $1,000 fine imposed.*

(No. 2003-1535 — Submitted October 20, 2003 — Decided December 24, 2003.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court, No. UPL 03-02.

———————————

**Per Curiam**.

{¶1}    Respondent, Chelsea Title Agency of Dayton, Inc., d.b.a. Chelsea Title Agency of Toledo, is an Ohio corporation that markets title insurance. Respondent is not an attorney licensed to practice law in Ohio or any other jurisdiction.

{¶2}    On September 28, 2001, respondent, through a nonlawyer agent, prepared a general warranty deed to convey real property in Wood County, Ohio. The nonlawyer prepared the deed by entering data into a form provided by an attorney.  Respondent then had the grantor sign the deed.  Although the deed contained language specifying that it was prepared by an attorney, it was neither reviewed by nor prepared under the supervision of an attorney.

{¶3}    In May 2002, the Secretary of the Unauthorized Practice of Law Committee of relator, Toledo Bar Association, notified respondent that its

preparation of the deed constituted the unauthorized practice of law and requested that respondent cease its practice of preparing deeds for its title customers.

{¶4} In October or November 2002, respondent prepared a quitclaim deed to convey real property in Lucas County, Ohio, on behalf of another title customer. Like the other deed, this deed was not prepared or reviewed by an attorney despite language in the deed indicating otherwise.

{¶5} On January 6, 2003, relator filed a complaint charging respondent with having engaged in the unauthorized practice of law and requesting that the court prohibit this conduct in the future. After respondent filed an answer, the parties filed a stipulation of facts and waiver of hearing pursuant to Gov.Bar R. VII(7)(C).

{¶6} Based on the stipulations, the Board of Commissioners on the Unauthorized Practice of Law found the facts set forth herein and concluded, as the parties had agreed, that respondent's actions constituted the unauthorized practice of law. The board recommended that the court accept respondent's consent to be enjoined from engaging in the unauthorized practice of law in the future.

{¶7} We adopt the findings and conclusions of the board. "The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio * * * ." Gov.Bar R. VII(2)(A). " '[T]he practice of law embraces the preparation of legal documents on another's behalf, including deeds which convey real property.' " *Lorain Cty. Bar Assn. v. Kennedy* (2002), 95 Ohio St.3d 116, 116-117, 766 N.E.2d 151, quoting *Disciplinary Counsel v. Doan* (1997), 77 Ohio St.3d 236, 237, 673 N.E.2d 1272; see, also, *Medina Cty. Bar Assn. v. Flickinger*, 95 Ohio St.3d 498, 2002-Ohio-2483, 769 N.E.2d 822. Respondent's preparation of the two deeds constituted the unauthorized practice of law.

**{¶8}** We adopt the board's recommendation that respondent be enjoined from future activity constituting the unauthorized practice of law. We also believe, however, that an additional civil penalty is warranted. See Gov.Bar R. VII(19)(D)(1)(c).[1] Despite being notified by relator that its preparation of deeds constituted the unauthorized practice of law, respondent continued to engage in this conduct. Imposition of an additional civil penalty furthers the purposes of Gov.Bar R. VII. See *Cincinnati Bar Assn. v. Adjustment Serv. Corp.* (2000), 89 Ohio St.3d 385, 387, 732 N.E.2d 362, quoting Gov.Bar R. VII(17) (" 'This rule and regulations relating to investigations and proceedings involving complaints of unauthorized practice of law shall be liberally construed for *the protection of the public, the courts, and the legal profession * * *.*' "). (Emphasis added.)

**{¶9}** Respondent is hereby enjoined from further conduct that constitutes the unauthorized practice of law and is fined $1,000.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

_____

Jonathan B. Cherry, Bar Counsel, and Gregory B. Denny, for relator.

Koblentz & Koblentz, Richard S. Koblentz and Bryan L. Penvose, for respondent.

_____

---

1. Gov.Bar R. VII was amended effective June 16, 2003, and among other things, the amendment authorized the imposition of civil penalties on respondents found to have engaged in the unauthorized practice of law. 99 Ohio St.3d XCIII, XCV.