CLEVELAND BAR ASSOCIATION *v.* BARON.

[Cite as *Cleveland Bar Assn. v. Baron,*
106 Ohio St.3d 259, 2005-Ohio-4790.]

(No. 2004–2168—Submitted March 9, 2005—Decided September 28, 2005.)

**Per Curiam.**

{¶ 1} On October 4, 2002, relator, Cleveland Bar Association, charged respondent, Janet Baron, of Cleveland, Ohio, with having engaged in the unauthorized practice of law. Relator attempted to serve respondent with the complaint by certified mail, but respondent did not sign the receipt. Pursuant to Gov.Bar R. VII(10), service was obtained by ordinary mail evidenced by a certificate of mailing.

{¶ 2} Respondent did not answer the complaint, and relator moved for default or summary judgment. See Gov.Bar R. VII(7)(B). The Board on the Unauthorized Practice of Law granted the motion and made findings of fact, conclusions of law, and a recommendation.

{¶ 3} Respondent has never been an attorney admitted to practice, been granted active status, or been certified to practice law in Ohio pursuant to Gov.Bar R. I (admission to practice), II (internship), VI (active status), IX (temporary certification), or XI (foreign legal consultants), or apparently in any other jurisdiction. Evidence showed, however, that she assisted one debtor and possibly others in preparing legal documents to file in the United States Bankruptcy Court for the Northern District of Ohio. According to the affidavit and orders of United States Bankruptcy Judge Pat E. Morgenstern–Clarren, respondent accepted $150 and provided legal advice during 2002 to at least one debtor attempting to file bankruptcy, including recommending that the debtor convert from a Chapter 7 proceeding to a Chapter 13 to avoid losing her home. Respondent also did not comply with federal laws allowing lay assistance by a petition preparer if certain reporting and other requirements are met. See Section 110, Title 11, U.S.Code. Respondent nonetheless prepared for the debtor schedules and a plan to be filed in the Chapter 13 bankruptcy.

{¶ 4} Judge Morgenstern–Clarren ordered respondent to appear on March 12, 2002, and show why the cause should not be referred to the appropriate authorities for investigation. Respondent did not appear on the scheduled date, and the judge referred the matter. On June 17, 2002, the judge granted a motion filed by the United States Trustee asking that respondent be ordered to disgorge any fees she had received from the debtor in question and be fined.

{¶ 5} The board found that respondent had engaged in the unauthorized practice of law and recommended that we enjoin respondent from these practices. We adopt the board's finding and recommendation.

{¶ 6} Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on this court original jurisdiction over all matters related to the practice of law, including allegations of laypersons practicing law without a license. Moreover, "except to the limited extent necessary for the accomplishment of the federal objectives," none of which are at stake here, we are also authorized to enjoin the unauthorized practice of law before federal courts in this state. *Sperry v. Florida ex rel. Florida Bar* (1963), 373 U.S. 379, 402, 83 S.Ct. 1322, 10 L.Ed.2d 428; *Mahoning Cty. Bar Assn. v. Harpman* (1993), 62 Ohio Misc.2d 573, 575, 608 N.E.2d 872.

{¶ 7} The unauthorized practice of law consists of rendering legal services for another by any person not admitted to practice in Ohio. Gov.Bar R. VII(2)(A); R.C. 4705.01. Thus, with limited exceptions, only a licensed attorney may provide legal advice, file pleadings and other legal papers in court, or manage court actions on another's behalf. *Disciplinary Counsel v. Coleman* (2000), 88 Ohio St.3d 155, 724 N.E.2d 402; *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 703 N.E.2d 771; *Akron Bar Assn. v. Greene* (1997), 77 Ohio St.3d 279, 673 N.E.2d 1307; *Cincinnati Bar Assn. v. Estep* (1995), 74 Ohio St.3d 172, 657 N.E.2d 499; and *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650.

{¶ 8} Respondent provided legal advice without conforming to federal statutes for the lay representation by bankruptcy petition preparers and without being licensed to practice law in Ohio or elsewhere. She has therefore engaged in the unauthorized practice of law and is enjoined from such practices in the future. Costs, to the extent incurred pursuant to Gov.Bar R. VII(8)(A), are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

_____

Michael P. Harvey Co., L.P.A., and Michael P. Harvey, for relator.