DISCIPLINARY COUNSEL *v.* GOETZ.

[Cite as *Disciplinary Counsel v. Goetz,*
107 Ohio St.3d 22, 2005-Ohio-5830.]

(No. 2004–2107—Submitted June 15, 2005—Decided November 16, 2005.)

**Per Curiam.**

{¶ 1} On February 12, 2004, relator, Disciplinary Counsel, charged that respondent, William G. Goetz, had engaged in the unauthorized practice of law by preparing contractual and estate-planning documents for Richard J. and Olajeane K. Faulkner. Respondent was served with the complaint but did not file an answer, and relator filed a motion for default pursuant to Gov.Bar R. VII(7)(B). The Board on the Unauthorized Practice of Law granted the motion, making findings of fact, conclusions of law, and a recommendation.

{¶ 2} Respondent is not and has never been an attorney admitted to the practice of law, granted active status, or certified to practice law in the state of Ohio pursuant to Gov.Bar R. I, II, VI, IX, or XI. In February 1995, however, respondent agreed to represent the Faulkners, supposedly as a lawyer qualified in estate planning, after their insurance agent referred them to him. The Faulkners owned several farms in Champaign County, Ohio, and wanted to avoid probate and minimize estate taxes.

{¶ 3} As part of representing himself as an attorney, respondent provided the Faulkners a business card identifying himself as "William G. Goetz, JD." Respondent explained that "JD" meant "Juris Doctorate" and that this credential was just another way of saying that he was an attorney. The Faulkners believed respondent's story.

{¶ 4} Respondent prepared various legal papers for the Faulkners, including trusts, wills, a contractual agreement, and other estate-planning documents. Eventually, a lawyer found various flaws in the trust and will documents. By this time, the Faulkners had paid respondent $23,000 for his services. The Faulkners subsequently terminated respondent's services and demanded the return of their documents. Respondent refused to return the documents until the Faulkners threatened to initiate legal action against him.

{¶ 5} In December 5, 2002, Mrs. Faulkner filed a grievance against respondent. On December 30, 2002, respondent answered the grievance with a letter to relator that stated only: "I herein deny the allegation filed in the above matter. I specifically deny that I engaged in the unauthorized practice of law." Despite relator's repeated attempts to contact respondent concerning the Faulkner grievance, respondent's letter was the only response he made to the allegations against him.

{¶ 6} The board concluded that respondent's actions constituted the unauthorized practice of law and recommended that we enjoin him from such practices. After considering the factors listed in Gov.Bar R. VII(8)(D)(1) through (5), the board also recommended that we impose a $30,000 civil penalty: $10,000 for the wills he prepared, $10,000 for the trusts he prepared, and $10,000 for the contract he wrote. The board found that respondent had not cooperated in the investigation of his illegal conduct, that he had repeatedly prepared legal documents on which the Faulkners relied to their possible detriment, that he had flagrantly misrepresented his professional status to gain the Faulkners' trust, and that he charged them $23,000. The board found nothing mitigating to weigh against these factors.

{¶ 7} On review, we agree that respondent engaged in the unauthorized practice of law and that an injunction is warranted. Pursuant to Gov.Bar R. VII(19)(D)(1)(c), we further agree that respondent's illegal conduct warrants a $30,000 fine. See, e.g., *Toledo Bar Assn. v. Chelsea Title Agency of Dayton, Inc.*, 100 Ohio St.3d 356, 2003-Ohio-6453, 800 N.E.2d 29.

{¶ 8} Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on this court original jurisdiction over all matters related to the practice of law. A person who is not admitted to practice law in Ohio under Gov.Bar R. I and is not granted active status under Gov.Bar R. VI or certified under Gov.Bar R. II, IX, or XI engages in the unauthorized practice of law when he or she provides legal services to another. Gov.Bar R. VII(2)(A); see, also, R.C. 4705.01.

{¶ 9} "[T]he practice of law is not limited to appearances in court, but also includes giving legal advice and counsel and the preparation of legal instruments and contracts by which legal rights are preserved." *Cleveland Bar Assn. v. Misch* (1998), 82 Ohio St.3d 256, 259, 695 N.E.2d 244; *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 28, 1 O.O. 313, 193 N.E. 650. And we have consistently held that giving legal advice and preparing wills, trusts, powers of attorney, and deeds by an individual not admitted to the practice of law constitute the unauthorized practice of law. *Chelsea Title Agency of Dayton, Inc.*, 100 Ohio St.3d 356, 2003-Ohio-6453, 800 N.E.2d 29, ¶ 7; *Akron Bar Assn. v. Miller* (1997), 80 Ohio St.3d 6, 684 N.E.2d 288; and *Trumbull Cty. Bar Assn. v. Hanna* (1997), 80 Ohio St.3d 58, 684 N.E.2d 329.

{¶ 10} Respondent is therefore enjoined from engaging in the unauthorized practice of law in Ohio, including the preparation for another of wills, trusts, and all legal papers of a contractual nature. Moreover, because a civil penalty furthers the purposes of Gov.Bar R. VII, respondent is hereby fined $30,000. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR and O'DONNELL, JJ., concur.

LUNDBERG STRATTON and LANZINGER, JJ., concur in part and dissent in part.

---

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 11} I concur with the majority that the respondent engaged in the unauthorized practice of law and should be enjoined. However, I respectfully dissent from the imposition of a $30,000 fine. Respondent's misconduct involved preparing several legal documents for one couple. I believe a penalty of $10,000 is more appropriate in this situation. We should reserve greater fines for persons who engage in the unauthorized practice of law with multiple customers or who sell mass-produced legal documents such as "probate packets" with advice that only a lawyer is competent to provide.

{¶ 12} Therefore, I respectfully dissent from the decision to impose a $30,000 fine.

LANZINGER, J., concurs in the foregoing opinion.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Stacey Solochek Beckman, Assistant Disciplinary Counsel, for relator.