STARK COUNTY BAR ASSOCIATION *v.* BENNAFIELD.

[Cite as *Stark Cty. Bar Assn. v. Bennafield,*
107 Ohio St.3d 29, 2005-Ohio-5832.]

(No. 2004–2169—Submitted June 15, 2005—Decided November 16, 2005.)

**Per Curiam.**

{¶ 1} On October 7, 2002, relator, Stark County Bar Association, charged that respondent, Donald Bennafield, who is involved in various pursuits, including Bennafield Enterprises, Inc., had engaged in the unauthorized practice of law. A panel of the Board on the Unauthorized Practice of Law heard the cause and made findings of fact, conclusions of law, and a recommendation, which the board adopted.

{¶ 2} Upon review, we adopt the board's findings of fact, conclusions of law, and recommended injunction. We also agree that the monetary sanction authorized by Gov.Bar R. VII(8)(B) is inappropriate.

{¶ 3} Respondent is not and never has been an attorney admitted to the practice of law, granted active status, or certified to practice law in the state of Ohio pursuant to the Supreme Court Rules for the Government of the Bar. In June 2003, however, respondent prepared and filed a "complaint with memorandum brief in support" in an action pending before the Stark County Common Pleas Court, *Adult Parole Auth. v. Mayle*, case No. 2003CR0220, in which respondent claimed various violations of Mayle's civil rights. Respondent signed the complaint as "Don Bennafield (President) (dba) Bennafield Enterprises, Inc., Cobra Missing Children Network."

{¶ 4} The board concluded that respondent's attempts to represent the legal interests of another person in court constituted the unauthorized practice of law and recommended that we enjoin respondent from such practices in the future. Neither respondent nor relator has objected to the board's report.

{¶ 5} Section 2(B)(1)(g), Article IV, Ohio Constitution confers on this court original jurisdiction regarding "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law." See, e.g., *Royal Indemn. Co. v. J.C. Penney Co., Inc.* (1986), 27 Ohio St.3d 31, 34, 27 OBR 447, 501 N.E.2d 617. And with few exceptions, including *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193 (allowing a nonlawyer to prepare and file a complaint in small-claims court on behalf of a limited liability company of which the nonlawyer and his wife are the only members), the unauthorized practice of law occurs when a layperson renders legal services, including the management of actions and proceedings on behalf of clients before courts of law. *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 278, 703 N.E.2d 771. The unauthorized practice of law also includes

the preparation of legal pleadings and other papers by a layperson without the supervision of a licensed attorney. Gov.Bar R. VII(2)(A); *Clapp,* 84 Ohio St.3d at 278, 703 N.E.2d 771; *Cleveland Bar Assn. v. Coats,* 98 Ohio St.3d 413, 2003-Ohio-1496, 786 N.E.2d 449, ¶ 3. Respondent's preparation of legal documents on behalf of another person therefore constituted the unauthorized practice of law.

{¶ 6} The board considered the factors listed in Gov.Bar R. VII(8)(B) before recommending against a civil penalty. Although the board perceived that respondent had been attempting for years to represent others' interests in court, the board found proof of only one infraction. This fact weighs against a civil penalty. Gov.Bar R. VII(8)(B)(2). The board also found relevant that respondent has apparently not received financial benefit from his unlicensed legal practice. Gov.Bar R. VII(8)(B)(5).

{¶ 7} Having found that respondent impermissibly attempted to represent another person in court, we hereby enjoin respondent from this practice and all others that constitute the unauthorized practice of law. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

George Urban and Robert Meyer, for relator.

Donald Bennafield, pro se.