DISCIPLINARY COUNSEL *v.* KAFELE.

[Cite as *Disciplinary Counsel v. Kafele,*
**108 Ohio St.3d 283, 2006-Ohio-904.**]

(No. 2004–2108—Submitted September 20, 2005—Decided March 15, 2006.)

---

**Per Curiam.**

{¶ 1} On October 6, 2003, relator, Disciplinary Counsel, charged that respondent, Ajamu M. Kafele of Gahanna, Ohio, had engaged in the unauthorized practice of law by preparing legal documents for filing in court for another and purporting to act on behalf of a limited-liability company.

{¶ 2} In answer to the complaint, respondent filed a "Response to Notice of Respondent of Filing of Complaint" on November 12, 2003. Acting pro se, respondent asserted in this filing that he could "neither admit or deny any matter

of the complaint because he lack[ed] sufficient knowledge or information to assert a formal answer and/or defense (affirmative or otherwise)." He also asserted that the complaint represented "some form of, not limited to, intentional/negligent infliction of harassment and mental anguish/distress, malfeasance, misfeasance, and/or nonfeasance, retaliation, discrimination, denial of due process and/or equal protection and application of the law, malicious abuse of legal process, malicious prosecution, anti-trust (monopoly) acts, by the Relator, its agents/representatives, and/or others, unknown at this time, in complicity."

{¶ 3} The Board on the Unauthorized Practice of Law heard the cause on July 21, 2004. Respondent appeared at the hearing on his own behalf. In his defense to the charges of unauthorized practice of law, respondent exercised his Fifth Amendment privilege against self-incrimination and refused to testify other than to provide his name and address on cross-examination.

### Board Findings and Recommendation

{¶ 4} Evidence established that in November 2001, respondent was the statutory agent for Divine Endeavors, L.L.C., one of the defendants in *Bankers Trust of California, N.A. v. Lewis,* Franklin C.P. No. 01 CVE 11 11151 (the *"Bankers Trust* case"), a mortgage foreclosure action involving property on which Divine Endeavors, L.L.C., claimed to have a junior mortgage. As statutory agent, respondent was served with the complaint.

{¶ 5} Respondent is not licensed to practice law in Ohio; however, he responded to the complaint on behalf of Divine Endeavors, L.L.C. He first filed a "Motion for Leave of Court to File an Answer," requesting an extension, which the court granted. But rather than use the additional answer time to obtain legal counsel to respond appropriately to the *Bankers Trust* complaint, respondent instead chose to attempt to represent Divine Endeavors, L.L.C., himself.

{¶ 6} Respondent filed a variety of documents, most of which were highly irregular, and signed them as "Ajamu M. Kafele, agent," as "Ajamu M. Kafele Defendant," or as simply "Ajamu M. Kafele." As an answer to the *Bankers Trust* complaint, respondent filed a document entitled "Conditional Acceptance." He later filed what he called a "Notice of Harmless Errors and Correction of Errors," with which he apparently hoped to amend his unconventional answer, a "Motion to Intervene and/or Substitution of Party," in an apparent effort to become a party-defendant, and a "Judicial Notice and Response to Motion for Default Judgment," in which he disjointedly argued for dismissal of the *Bankers Trust* foreclosure suit. In response to motions to strike these and other filings because he was not licensed to practice law, respondent filed two motions to "Strike Plaintiff's Motions to Strike and/or in the Alternative Show Cause." The common pleas court eventually struck respondent's filings and rendered judgment in favor of Bankers Trust.

{¶ 7} Respondent argued during the board proceedings that relator had failed to prove that he was the "Ajamu M. Kafele" identified in the aforementioned filings and that he had either filed or authorized the filing of those papers in the Franklin County Common Pleas Court. The board rejected respondent's argument.

{¶ 8} The board credited the testimony of Jeffrey Kalniz, the lawyer who represented the plaintiff in the *Bankers Trust* case. Kalniz identified respondent and testified that he was familiar with him from other cases. Kalniz also testified that papers filed by respondent on behalf of Divine Endeavors, L.L.C., in the *Bankers Trust* case, particularly the use of a "Conditional Acceptance" to answer a complaint, resembled other documents that respondent had filed in court in other cases.

{¶ 9} The addresses at which respondent either resided or received mail also suggested that he was not the victim of mistaken identity. Respondent had received notice of relator's complaint and the July 21 hearing date at an address matching one of two different residential addresses identified on papers filed in the *Bankers Trust* case. Moreover, one of these addresses matched the address that respondent had provided on cross-examination.

{¶ 10} In addition, the board observed that respondent had been admonished before to refrain from practicing law without a license. Relator did not charge respondent with unlicensed practice in any case other than *Bankers Trust*; however, Kalniz testified that respondent had also attempted to represent another person in a Franklin County Court of Appeals case. Kalniz recalled that the court had cautioned respondent not to participate in that appeal and companion cases unless he was a pro se appellant or a licensed attorney because he was at risk of perpetrating the unauthorized practice of law.

{¶ 11} Gov.Bar R. VII(7)(E) requires proof by a preponderance of the evidence that respondent has engaged in the unauthorized practice of law. In accordance with this standard, the board concluded from Kalniz's testimony, the similarities between respondent's reported residential addresses, and respondent's documented record of attempting to practice law without a license that respondent was the same Ajamu M. Kafele who had prepared and filed the documents at issue in the *Bankers Trust* case.

{¶ 12} Having rejected respondent's argument of mistaken identity, the board found that respondent had engaged in the unauthorized practice of law by preparing legal papers and filing them in court on behalf of Divine Endeavors, L.L.C. The board recommended that we enjoin respondent from engaging in such actions and that we impose a $10,000 civil penalty. Applying the standards in Gov.Bar R. VII(8)(B) for determining the propriety of a civil penalty, the board explained that respondent had committed a flagrant violation of restrictions on

the practice of law by continuing to act on another's behalf despite specific warnings. Gov.Bar R. VII(8)(B)(3).

## Review

{¶ 13} In objections, respondent continues to argue that relator failed to prove that he either filed or authorized the filings bearing his name and signature. We reject his mistaken-identity defense for the reasons cited by the board and adopt the board's findings concerning respondent's unauthorized practice of law. Based on assertions respondent made during oral argument, however, we find the board's recommendation of a $10,000 civil penalty to be excessive.

{¶ 14} Section 2(B)(1)(g), Article IV, Ohio Constitution confers on this court original jurisdiction regarding admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law. A person who is not admitted to the practice of law pursuant to the Supreme Court Rules for the Government of the Bar engages in the unauthorized practice of law when he or she provides legal services to another in this state. Gov.Bar R. VII(2)(A); see, also, R.C. 4705.01.

{¶ 15} The practice of law is not limited to appearances in court. It also embraces the preparation of papers that are to be filed in court on another's behalf and that are otherwise incident to a lawsuit. *Cleveland Bar Assn. v. Misch* (1998), 82 Ohio St.3d 256, 259, 695 N.E.2d 244; *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, paragraph one of the syllabus. And with limited exception, unauthorized practice occurs when a layperson renders legal services for another person or for a corporate entity by attempting to manage legal actions and proceedings before courts of law. *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 278, 703 N.E.2d 771; *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 64, 52 O.O.2d 329, 262 N.E.2d 558; *Cleveland Bar Assn. v. Para–Legals, Inc.*, 106 Ohio St.3d 455, 2005-Ohio-5519, 835 N.E.2d 1240, ¶ 7. By preparing legal papers to be filed in court on behalf of Divine Endeavors, L.L.C., therefore, respondent engaged in the unauthorized practice of law.

{¶ 16} To discourage such practices, we agree that a civil penalty is warranted. Gov.Bar R. VII(8)(B) and (19)(D). The propriety and amount of this penalty depend on the factors in Gov.Bar R. VII(8)(B)(1) through (5), including the number of incidents of unauthorized practice, the flagrancy of each incident, and the harm caused to third parties.

{¶ 17} For example, in *Stark Cty. Bar Assn. v. Bennafield,* 107 Ohio St.3d 29, 2005-Ohio-5832, 836 N.E.2d 562, we did not impose a civil penalty, because the layperson committed only one infraction and did not profit from his efforts. Similarly, in *Cleveland Bar Assn. v. Para–Legals, Inc.,* 106 Ohio St.3d 455, 2005-

Ohio-5519, 835 N.E.2d 1240, ¶ 9, two laypersons and their company were not fined, because their illegal acts were relatively few in number, and the company stopped advertising its unlawful services upon notice that a complaint had been filed. In contrast, the layperson in *Disciplinary Counsel v. Goetz,* 107 Ohio St.3d 22, 2005-Ohio-5830, 836 N.E.2d 556, ¶ 6, was ordered to pay $30,000 because he falsely told customers that he was a licensed attorney, charged one couple $23,000 to prepare for them flawed trusts and wills, and later ignored efforts to investigate the couple's grievance. Also, the agency in *Toledo Bar Assn. v. Chelsea Title Agency of Dayton, Inc.,* 100 Ohio St.3d 356, 2003-Ohio-6453, 800 N.E.2d 29, was fined $1,000 because it had prepared, through a nonlawyer agent, two deeds for its customers, one after being advised that only a licensed attorney may draft a deed for another.

{¶ 18} Here, respondent also engaged in relatively few acts of unauthorized legal practice. Moreover, despite the implication that respondent realized he was practicing law illegally, we find that respondent genuinely, albeit wrongly, thought that he was entitled to represent Divine Endeavors, L.L.C. To justify his actions, respondent asserted at oral argument that he was a member of this limited-liability company and that he was therefore able to represent and protect his personal interest in the *Bankers Trust* case as a lienholder. His argument fails to account for the fact that a limited-liability company exists as a separate legal entity, R.C. 1705.01(D)(2)(e), and may be represented in court only by a licensed attorney. See *Union Sav. Assn. v. Home Owners Aid, Inc.,* 23 Ohio St.2d at 64, 52 O.O.2d 329, 262 N.E.2d 558. See, also, *Cleveland Bar Assn. v. Pearlman,* 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, syllabus (A layperson may not engage in cross-examination, argument, or other acts of advocacy on behalf of a limited-liability company). Respondent also continues to misinterpret the common pleas court order extending the time to answer the *Bankers Trust* complaint and asserts that the judge thereby granted him authority to represent Divine Endeavors, L.L.C.

{¶ 19} Respondent's misguided attempts to represent Divine Endeavors, L.L.C., illustrate why the practice of law must be strictly limited to licensed attorneys. The practice of law is exacting even with the required legal and ethical training, and the legal system cannot adequately safeguard the public's interest unless it assures a core level of professional competence and integrity. See *Akron Bar Assn. v. Frank* (2000), 88 Ohio St.3d 152, 724 N.E.2d 399 (nonlawyer who "had no idea of judicial procedure, no concept of how to present facts, and [no ability] to interpret case law" was a "living example of why we require character and fitness reviews, examinations of legal ability, and continuing education of those who are permitted to give legal advice and appear in our courts"). But at least in this case, respondent's unlicensed practice caused comparatively little harm, was based on what appeared to be a sincere belief that

he was doing no wrong, and was not performed for profit or through misrepresentation of himself as an attorney, factors that distinguish this case from cases like *Goetz*, 107 Ohio St.3d 22, 2005-Ohio-5830, 836 N.E.2d 556.

{¶ 20} Based on the foregoing, we accept the board's findings; however, we modify its recommendation and find a $1,000 civil penalty to be appropriate. Respondent is enjoined from engaging in the unauthorized practice of law, including all attempts to appear in court or prepare legal papers on behalf of any entity other than himself. We also order respondent to pay a civil penalty of $1,000 pursuant to Gov.Bar R. VII(8)(B) and (19)(D)(1)(c). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Jonathan B. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

Ajamu M. Kafele, pro se.