CLEVELAND BAR ASSOCIATION *v.* BOYD.

[Cite as *Cleveland Bar Assn. v. Boyd,*
112 Ohio St.3d 331, 2006-Ohio-6590.]

(No. 2006–1613—Submitted October 17, 2006—Decided December 20, 2006.)

**Per Curiam.**

{¶ 1} On November 16, 2005, relator, Cleveland Bar Association, charged that respondent, Leon Boyd of Cleveland, Ohio, had engaged in the unauthorized practice of law in two cases by providing legal advice and preparing legal documents for filing in court. Respondent was served with the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. VII(7)(B). A panel of the Board on the Unauthorized Practice of Law granted the motion and made findings of fact, conclusions of law, and a recommendation, which the board adopted with some modification.

{¶ 2} Respondent has never been admitted to the practice of law in Ohio; however, he posed as an attorney to gain the trust of Nawassa Jones, who wanted to obtain a divorce in Cuyahoga County Domestic Relations Court. On April 5, 2005, Jones approached Valerie Brandenburg, the director of the court's legal department. Jones explained that she needed a proposed judgment entry for her final hearing. Jones told Brandenburg that her attorney, respondent, was supposed to have met her for this court date.

{¶ 3} Brandenburg gave Jones a copy of the court's judgment entry form and accompanied her to a floor where they might find respondent. When they found him, respondent handed Jones a proposed judgment entry containing various representations implicating Jones's legal status and legal rights in relation to her divorce. Brandenburg challenged respondent, but respondent denied any wrongdoing and claimed to have obtained the form from the domestic relations court's website. According to Brandenburg's sworn statement, however, the court's website offers "no such formatted judgment entry."

{¶ 4} In a second incident, respondent told Mozetta Gibson on November 2, 2004, that he was a retired attorney and could handle her claim for bankruptcy. After advising that he did not have a regular office, respondent met with Gibson at her home on November 29, 2004, and asked her questions in preparation for filing a bankruptcy petition on her behalf. Gibson then paid respondent the first $100 of his quoted $250 fee.

{¶ 5} Gibson met with respondent again before a meeting of her creditors, when he told her what to say to the bankruptcy trustee. She then paid respondent the $150 balance of his fee. The United States Bankruptcy Court for the Northern District of Ohio later dismissed Gibson's case because, according to Gibson, respondent had failed to tell her what the time limits were for paying the filing fee. Gibson thereafter hired a licensed attorney, who helped her reinstate her bankruptcy claim.

{¶ 6} The board found that respondent had engaged in the unauthorized practice of law by acting on behalf of Jones in her divorce case and on behalf of Gibson in her bankruptcy case. In drawing these conclusions, the board acknowledged that Section 110, Title 11, U.S.Code permits nonattorneys to assist others to a limited extent in preparing certain bankruptcy petition forms. See, e.g., *In re Moffett* (Bankr.W.D.Ky.2001), 263 B.R. 805. The board found that respondent far exceeded the activities permitted by the statute by drawing up and filing court documents intended to secure certain legal rights for Jones and Gibson.

{¶ 7} The board thus recommended, as did the panel, that we issue an order prohibiting respondent from acts constituting the unauthorized practice of law in the future, including drafting legal documents based on his lay advice and filing the papers for others in court. The board and panel also considered the appropriateness of imposing civil penalties pursuant to Gov.Bar R. VII(8)(B).

{¶ 8} The panel cited the flagrancy of respondent's acts and his lack of cooperation in the board proceedings, Gov.Bar R. VII(8)(B)(1), as warranting a $2,000 civil penalty, $1,000 each for the Jones and Gibson violations. The board agreed that respondent's two separate attempts to profit from posing as a lawyer required a civil penalty. Because of respondent's blatant lie to the unsuspecting Gibson and the fact that his incompetence caused her significant harm due to the dismissal of her bankruptcy claim, however, the board recommended a $2,500 civil penalty in Gibson's case. Referring to the Guidelines for the Imposition of Civil Penalties in UPL Reg. 400(F), the board further noted that respondent had financially benefited from his acts, that his unlicensed practice had included court filings, and that he had actually claimed to be a lawyer, all of which are considerations for recommending a more severe penalty. See UPL Reg. 400(F)(3)(d), (f), and (g).

{¶ 9} This court has the power to regulate, control, and define the practice of law in Ohio. Section 2(B)(1)(g), Article IV, Ohio Constitution; *Cleveland Bar*

*Assn. v. CompManagement, Inc.,* 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 39. And except to the limited extent necessary to protect peculiarly federal objectives, none of which are at stake here, our authority permits us to enjoin the unauthorized practice of law before federal courts in this state. *Cleveland Bar Assn. v. Baron,* 106 Ohio St.3d 259, 2005-Ohio-4790, 834 N.E.2d 343, ¶ 6, citing *Sperry v. Florida ex rel. Florida Bar* (1963), 373 U.S. 379, 402, 83 S.Ct. 1322, 10 L.Ed.2d 428, and *Mahoning Cty. Bar Assn. v. Harpman* (1993), 62 Ohio Misc.2d 573, 575, 608 N.E.2d 872.

{¶ 10} Gov.Bar R. VII(2)(A) defines the "unauthorized practice of law" as "the rendering of legal services for another by any person not admitted to practice in Ohio under Rule I and not granted active status under Rule VI, or certified under Rule II [interns], Rule IX [temporary certification], or Rule XI [foreign legal consultants] of the Supreme Court Rules for the Government of the Bar of Ohio." See, also, R.C. 4705.01 (prohibiting any person not admitted to the Ohio bar by order of the Supreme Court from commencing, conducting, or defending any legal action or proceeding in which the person is not a party concerned).

{¶ 11} With few exceptions, including *Cleveland Bar Assn. v. Pearlman,* 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193 (allowing a nonlawyer to prepare and file a complaint in small-claims court on behalf of a limited liability company of which the nonlawyer and his wife are the only members), the unauthorized practice of law occurs when a layperson prepares legal pleadings and other papers for filing in court on another's behalf without the supervision of a licensed attorney. Gov.Bar R. VII(2)(A); *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 278, 703 N.E.2d 771; *Cleveland Bar Assn. v. Coats,* 98 Ohio St.3d 413, 2003-Ohio-1496, 786 N.E.2d 449, ¶ 3. Respondent's preparation of legal documents on behalf of Jones and Gibson thus constituted the unauthorized practice of law.

{¶ 12} We therefore adopt the board's findings that respondent engaged in the unauthorized practice of law and find that the recommended injunction and civil penalties are appropriate. Respondent is therefore enjoined from acts constituting the unauthorized practice of law in the future, including drafting legal documents based on his lay advice and filing the papers for others in court. Gov.Bar R. VII(19)(D)(1)(a). Respondent is further ordered to pay a civil penalty of $3,500 ($1,000 for the Jones violation and $2,500 for the Gibson violation) pursuant to Gov.Bar R. VII(8)(B) and VII(19)(D)(1)(c). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Russell A. Moorhead and George W. Macdonald, for relator.