[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Furtado,* **Slip Opinion No. 2017-Ohio-9109.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9109

DISCIPLINARY COUNSEL *v.* FURTADO.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Furtado,* **Slip Opinion No. 2017-Ohio-9109.**]

*Unauthorized practice of law—Preparing or modifying multiple estate-planning documents after resigning from practice of law with disciplinary action pending—Respondent permanently enjoined from practice of law— Maximum civil penalty imposed.*

(No. 2017-0542—Submitted June 7, 2017—Decided December 20, 2017.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 16-02.

_____

**Per Curiam**.

{¶ 1} On April 19, 2016, relator, disciplinary counsel, filed a complaint with the Board of Commissioners on the Unauthorized Practice of Law alleging that respondent, Lorraine Theresa Furtado, of Columbus, Ohio, engaged in the

unauthorized practice of law by preparing or modifying multiple estate-planning documents for a single client in 2012 and 2013. In accordance with Gov.Bar R. VII(6), a copy of the complaint along with notice of the right to file an answer was sent to Furtado by certified mail on April 21, 2016. At that time, the complaint was also sent to Furtado by regular mail. Although the certified mail to Furtado was returned to the board "unclaimed" on May 23, 2016, the regular mail was not returned. Therefore, pursuant to Gov.Bar R. VII(10), service is deemed complete. However, Furtado has failed to answer the complaint or otherwise appear in the proceedings.

{¶ 2} We agree that Furtado engaged in the unauthorized practice of law and that an injunction and civil penalties are warranted.

### Furtado's Conduct

{¶ 3} Furtado is a former Ohio attorney. She was admitted to the practice of law in November 1986 and, in 1994, we suspended her license for two years based on her federal conviction for embezzling government funds in violation of 18 U.S.C. 641. *Disciplinary Counsel v. Furtado*, 71 Ohio St.3d 20, 641 N.E.2d 184 (1994). We reinstated her license in October 1997. *Disciplinary Counsel v. Furtado*, 80 Ohio St.3d 1210, 686 N.E.2d 522 (1997). And on May 3, 2000, we accepted Furtado's affidavit of resignation with disciplinary action pending. *In re Resignation of Furtado*, 89 Ohio St.3d 1206, 728 N.E.2d 1083 (2000). That resignation is unconditional, final, and irrevocable. *See* Gov.Bar R. VI(11)(A)(1)(c).

{¶ 4} Beginning in May 2012, Furtado drafted multiple estate-planning documents for Corlyss Richards, including a durable power of attorney, a durable healthcare power of attorney and living will, a memorandum of trust, an amendment to a family trust agreement, and a last will and testament. She also counseled Richards on several issues with regard to the trust of Richards's father.

Richards paid Furtado $8,670 for her services through August 2013.  This money has not been returned despite Richards's demands for a refund.

**Furtado Engaged in the Unauthorized Practice of Law**

**{¶ 5}** The Supreme Court of Ohio has original jurisdiction regarding admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law in Ohio.  Article IV, Section 2(B)(1)(g), Ohio Constitution; *Royal Indemn. Co. v. J.C. Penney Co., Inc.*, 27 Ohio St.3d 31, 34, 501 N.E.2d 617 (1986).  Accordingly, this court has exclusive jurisdiction to regulate the unauthorized practice of law in Ohio.  *Greenspan v. Third Fed. S. & L. Assn.*, 122 Ohio St.3d 455, 2009-Ohio-3508, 912 N.E.2d 567, ¶ 16; *Lorain Cty. Bar Assn. v. Kocak*, 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, ¶ 16.  The purpose of that regulation is to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

**{¶ 6}** The unauthorized practice of law is the rendering of legal services for another by any person not admitted or otherwise certified to practice law in Ohio. Gov.Bar R. VII(2)(A)(1).  This includes the " 'preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts.' " *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 28, 193 N.E. 650 (1934), quoting *People v. Alfani*, 227 N.Y. 334, 337-338, 125 N.E. 671 (1919).

**{¶ 7}** An individual whose affidavit of resignation with disciplinary action pending has been accepted by this court is no longer authorized to practice law in this state.  *See* Gov.Bar R. VI(11)(A) through (C).  And an individual who is not authorized to practice law in this state who gives legal advice and prepares wills, trusts, and powers of attorney is engaged in the unauthorized practice of law.  *See*

*Disciplinary Counsel v. Goetz*, 107 Ohio St.3d 22, 2005-Ohio-5830, 836 N.E.2d 556, ¶ 9.

{¶ 8} Because relator submitted sworn or certified documentary prima facie evidence demonstrating that Furtado modified and drafted estate-planning documents after resigning from the practice of law with disciplinary action pending, the board found that she engaged in the unauthorized practice of law. *See* Gov.Bar R. VII(2)(A)(2)(b). We adopt the board's findings of fact and agree that Furtado engaged in the unauthorized practice of law.

**An Injunction and Civil Penalties Are Warranted**

{¶ 9} Because we have found that Furtado engaged in the unauthorized practice of law, we adopt the board's recommendation that we issue an injunction prohibiting her from performing additional legal services in the state of Ohio.

{¶ 10} Relator has requested and the board recommends that we impose a civil penalty of $10,000 against Furtado for continuing to practice law after she resigned with disciplinary action pending. As factors supporting this sanction, the board found that Furtado failed to cooperate in relator's investigation and prosecution of this case, knowingly led Richards to believe that she was authorized to practice law despite having tendered the resignation of her license, and knew or should have known that her actions constituted the unauthorized practice of law. *See* Gov.Bar R. VII(8)(B)(1) and (5) and UPL Reg. 400(F)(3)(g). There is no evidence that any of the mitigating factors set forth in UPL Reg. 400(F)(4)(a) through (g) are present. We adopt the board's findings and agree that Furtado's conduct warrants the imposition of the maximum civil penalty for the unauthorized practice of law. *See* Gov.Bar R. VII(8)(B).

{¶ 11} Accordingly, Lorraine Theresa Furtado is permanently enjoined from performing all legal services in the state of Ohio and ordered to pay a civil penalty of $10,000. Costs are taxed to Furtado.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

_____