# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

THOMAS VALENTINE,

Plaintiff-Appellant,

v.

SCOTT STEPHEN,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 JE 0022**

---

Civil Appeal from the
Steubenville Municipal Court, Jefferson County, Ohio
Case No. 23-CVH-298

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

Thomas Valentine, *Pro se*, Plaintiff-Appellant and

Scott Stephen, *Pro se*, Defendant-Appellee.

Dated:  April 26, 2024

**HANNI, J.**

{¶1} Before the Court is an appeal filed by Appellant Thomas Valentine (Appellant), pro se, on November 29, 2023. For the following reasons, we dismiss the appeal.

{¶2} Appellant initially filed a complaint for defamation against Appellee Scott Stephen (Appellee) in the small claims division of the Steubenville Municipal Court. He alleged that Appellee published a negative review on his Amazon Marketplace account concerning a smartphone Appellee purchased from Appellant's virtual storefront on Marketplace. The case was thereafter transferred to the municipal court's regular civil docket.

{¶3} Appellee filed a pro se letter responding to the complaint and the Steubenville Municipal Court construed the letter as a motion to dismiss Appellant's complaint. Appellee asserted that it was not Appellant who was the real party in interest in the case, but rather, Appellant's single-member limited liability company, Genuine Goods, LLC.

{¶4} The municipal court held a hearing on the motion, focusing on the relationship between Appellant, Genuine Goods, LLC, and CSRi, the website where Appellee posted the negative review. The court allowed Appellant to testify at the hearing.

{¶5} After the hearing, the Steubenville Municipal Court issued a journal entry dismissing Appellant's complaint. The court held that the real party in interest was not Appellant. Instead, the Court held the real party in interest was Genuine Goods, LLC, a single-member LLC with Appellant as its only member. The court further found that CSRi, the website where Appellee posted the negative review, was a fictitious name for Genuine Goods, LLC and not Appellant.

{¶6} Appellant, pro se, filed the instant appeal relating to the municipal court's journal entry. Appellant is not a licensed attorney authorized to practice law in the State of Ohio. In response to the filing of the appeal, Appellee, pro se, filed a letter with the Jefferson County Clerk of Courts on February 9, 2024. Appellee challenged Appellant's ability to proceed on the appeal pro se. Appellee asserted that Appellant was engaging

in the unauthorized practice of law by representing his limited liability company, Genuine Goods, LLC and/or CSRi, before this Court.

{¶7}   We construed Appellee's correspondence as a request to dismiss the appeal. We notified both parties via a Magistrate's Order of this construction and ordered Appellant to file a response no later than February 29, 2024. We further informed the parties that briefing in the case would close on the same date.

{¶8}   Appellant filed a response to the Magistrate's Order, objecting to our treatment of Appellee's letter as a motion to dismiss. Appellant also asserted that he should be permitted to proceed on appeal pro se because his case was unusual and the municipal court permitted him to do so.

{¶9}   We dismiss Appellant's appeal. R.C. 1925.17 provides that an officer or salaried employee of a corporation may file an action and present its claim or defense in small claims court. However, it further provides that the officer or salaried employee may not "in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy." R.C. 1925.17.

{¶10}  In *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶ 23-24, the Ohio Supreme Court recognized that R.C. 1925.17 created a narrow exception to the general rule that only licensed attorneys may represent corporations. The Court acknowledged that R.C. 1925.17 allows officers or salaried employees of corporations to complete and file preprinted complaint forms in small claims courts, as long as they do not "cross-examine witnesses, argue, or otherwise act as an advocate." *Id*. at ¶ 24.

{¶11}  In *Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, 843 N.E.2d 169, ¶ 18, the Ohio Supreme Court held that "a limited-liability company exists as a separate legal entity, * * * and may be represented in court only by a licensed attorney."

{¶12}  In *Tera, LLC v. Rice Drilling D, LLC*, 2023-Ohio-273, 205 N.E.3d 1168, ¶ 103 (7th Dist.) we cited to numerous cases concerning the ability of a limited liability company to sue and be sued. In particular, we quoted two decisions concerning limited liability members and their abilities to sue. We quoted from *Ogle v. Hocking Cty*., 4th Dist. Hocking No. 14CA3, 2014-Ohio-5422, ¶ 25, that "* * * members of a limited liability company, even if they are the sole members of the company, do not have standing to sue

on its behalf." *Id.* We also referred to *Estep v. Xanterra Kingsmill, L.L.C.*, E.D. Va. No. 4:16-cv-89, 2017 WL 1103179, *2 (Mar. 20, 2017), which cited to the holding in *Matthews v. HSBC Bank USA*, E.D. Va. No. 1:14cv810, 2014 WL 12538173 (July 25, 2014), finding " '[e]ven if [the sole and managing member of an L.L.C.] has suffered personal damage as a consequence of any damage to [the L.L.C.], he has no standing to state a claim for those damages' in his individual capacity." (citations omitted)." *Id.*

**{¶13}** Before this Court, Appellant's response to the request for dismissal argues that we should not have construed Appellee's correspondence as a request to dismiss the appeal because he failed to follow the Rules of Appellate Procedure. Appellant also presents legal arguments concerning his status to proceed pro se and advocates his legal status as the party initiating the complaint in municipal court. Just as Appellant may not advance this appeal pro se on behalf of a limited liability company, he likewise is prohibited from advancing arguments in response to the request for dismissal pro se on behalf of a limited liability company.

**{¶14}** Accordingly, we dismiss the instant appeal.

Waite, J., concurs.

Robb, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, the instant Appeal is dismissed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**